(63 South. 886.)

No. 19,838.

KYLE v. BAYOU SALÉ PLANTING & DRAINAGE CO.

In re SOUTH BEND CO.

(Dec. 15, 1913.)

*(Syllabus by Editorial Staff.)*

1. EXECUTION (§ 268*)—SALE—RIGHTS OF PURCHASER.

The property passes at a sheriff's sale, subject to mortgages superior in rank to the seizing creditor's claim, but free from mortgages inferior in rank.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 762–767; Dec. Dig. § 268.*]

2. MORTGAGES (§ 178*)—PRIORITIES.

Where, after record of a junior mortgage, the parties to a senior mortgage agreed that the interest thereon should be paid annually, instead of all falling due at the same time with the principal, as originally provided, such change was unavailing to give seniority to the claim for annual interest, so that a purchaser on foreclosure of the junior mortgage and his grantee could enjoin foreclosure of the senior mortgage for default in the annual interest.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 426–434, 437–441; Dec. Dig. § 178.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Thomas M. Milling, Judge.

Application of the South Bend Company for injunction in an action by William Kyle against the Bayou Salé Planting & Drainage Company. Judgment sustaining an exception of no cause of action to the petition was sustained, and petitioner appeals. Reversed, exception overruled, and case remanded for further proceedings.

Johnston Armstrong, of New Orleans, for appellant. Henry Mayer and Borah & Himel, all of Franklin, for appellee.

PROVOSTY, J. [1, 2] Plaintiff has enjoined the seizure and sale of a plantation which he acquired from P. H. Hardy, and which Hardy had acquired at sheriff's sale. The question presented is whether at the sheriff's sale the property passed to Hardy subject to the mortgage now sought to be foreclosed, or free of it. The rule of law is that at a sheriff's sale the property passes subject to the mortgages superior in rank to the seizing creditor's claim, but free of those inferior in rank. The mortgage sought to be foreclosed is for the interest upon a $110,000 mortgage. This mortgage as originally recorded was payable in capital and in interest in 10 years from June 9, 1910. As thus recorded it was superior in rank to the claim of the creditor at whose suit the sheriff's sale to Hardy was made. This claim was a $20,000 mortgage owned by Hardy himself. By a contract to which Hardy was not a party, and which was entered into subsequently to the registry of this $20,000 mortgage held by him and which he subsequently foreclosed, the parties to the $110,000 mortgage agreed that the interest on this $110,000 should be payable annually, instead of 10 years from June 9, 1910. This contract, to which Hardy was not a party, could not, of course, affect him or his rights; so that, so far as he was concerned, interest on the $110,000 mortgage continued to be payable only 10 years after June 9, 1910; and, as a consequence, at the sheriff's sale to him the property passed to him subject to the interest on this $110,000, payable in 10 years from June 9, 1910, and not payable annually. In so far as this $110,000 mortgage was changed, so as to make the interest on it payable annually, instead of in 10 years after June 9, 1910, it was recorded after Hardy's $20,000 mortgage, and was, therefore, inferior in rank to it; and the property passed to Hardy free of it.

An exception of no cause of action was sustained to plaintiff's petition. The foregoing facts are alleged in the petition, and show a cause of action, since they show that this interest, which, so far as Hardy and his assigns are concerned, will not be due and payable before June, 1920, is sought to be presently enforced as if already due and payable. It is a plain case of an attempt to foreclose upon a mortgage before its maturity, and in part not bearing upon the property seized. By being made payable annually, instead of at the end of 10 years, the amount of the interest to accrue upon this $110,000 mortgage was increased, although the rate of the interest was left unchanged. To the extent of this increase, the property passed to Hardy free of this mortgage.

From a casual reading of the petition (see end of case), one derives the impression that the plaintiff is standing, not upon the rights acquired at the sheriff's sale, to which he has succeeded, but upon the rights of Hardy as holder of the $20,000 mortgage, to which he has never succeeded; but such is not the case.

The judgment appealed from is set aside, the exception of no cause of action is overruled, and the case is remanded to be proceeded with according to law. The defendants in injunction to pay the costs of this appeal.

The petition referred to is as follows:

### Petition.

William Kyle v. Bayou Salé Planting & Drainage Company. No. 13,341.

State of Louisiana, 23d Judicial District Court, Parish of St. Mary.

To the Honorable the Judge of the Twenty-Third Judicial District Court for the Parish of St. Mary:

The petition of the South Bend Company, a corporation organized under the laws of Louisiana and domiciled in the city of New Orleans, with respect shows:

That your petitioner is the owner and in possession of all of the property described in the petition of plaintiff in the above entitled and numbered cause, having purchased said

property from Pliny H. Hardy, by an act of sale before Chas. Schneidau, notary public, September 18, 1912, duly registered in the conveyance records of this parish, entry No. 40801, Book 3—G.

That Pliny H. Hardy acquired said property by virtue of a sale made by the sheriff of the parish of St. Mary, acting under a writ of seizure and sale issued in the suit of Geo. A. Hero v. Bayou Salé Planting & Drainage Company, No. 13,259 of the docket of this honorable court, wherein all of the property described in the petition of Wm. Kyle, plaintiff in the above entitled and numbered cause, was adjudicated to said Pliny H. Hardy, duly registered in the conveyance records of this parish, entry No. 40797, Book 3—G.

Petitioner shows that said sheriff's sale was made under authority of a writ of seizure and sale under executory process whereby two certain promissory notes, each dated March 4, 1905, drawn by John R. Todd, to his own order, and by him indorsed, each in the sum of $10,000, the first of which was payable on March 1, 1907, and the second on March 1, 1908, conditioned to bear interest at the rate of 7% per annum from March 1, 1909, until paid, were foreclosed, the payment of said notes being secured by special mortgage before Chas. F. Borah, notary public, of even date therewith, on the property described in the petition filed by Wm. Kyle herein.

That the said property was sold by John R. Todd to the Ellerslie Planting Company, Limited, by an act before Chas. F. Borah, notary public, dated May 21, 1906, recorded in Book VV, page 32, of the records of St. Mary parish, wherein said notes was assumed by the said Ellerslie Planting Company, Limited.

That the Ellerslie Planting Company, Limited, sold the said property by an act before Chas. Schneidau, notary public, on June 9, 1910, to Wm. F. Williams, subject to said mortgage notes.

That the said Wm. F. Williams sold said property to the Bayou Salé Planting & Drainage Company, by an act before Chas. Schneidau, notary public, June 9, 1910, by which said act of sale the Bayou Salé Planting & Drainage Company then assumed the payment of the said above-described mortgage notes, in which said sale from Wm. 1. Williams to the Bayou Salé Planting & Drainage Company the said Bayou Salé Planting & Drainage Company, as part of the consideration thereof, furnished to vendor its three promissory notes, each for the sum of $36,666.66⅔, aggregating the sum of $110,000, said notes being drawn by the said Bayou Salé Planting & Drainage Company to its own order and by it indorsed, all dated June 9, 1910, and all made payable on or before 10 years after their date at the office of the Bayou Salé Planting & Drainage Company in the city of New Orleans, which said notes stipulated to bear interest at the rate of 6% per annum from the date until paid, one of which said notes is the note held by the plaintiff, Wm. Kyle, herein, and forms the subject-matter of the executory process sued out in this cause.

Now your petitioner shows that on the 7th day of March, 1911, by an act of sale before Chas. F. Borah, notary public, said firstly described two mortgage notes were subordinated to the vendor's notes of $110,000 granted by the Bayou Salé Planting & Drainage Company in favor of Wm. F. Williams, in said act of sale before Chas. Schneidau, notary public, on the 9th day of June, 1910.

That during the month of March, 1911, the said herein firstly described mortgage notes were sold and delivered to Wm. Winans Wall, and by him, during said month of March, 1911, were sold, transferred, and delivered to Pliny H. Hardy; that at the date the said notes were subordinated to the said vendor's notes of $110,000, consisting of three notes of $36,-666.66⅔ each, the said vendor's notes read, as hereinbefore described, that "same were payable on or before 10 years after date, with interest at the rate of 6% per annum; that subsequently, to wit, on the 18th day of April, 1911, Wm. Kyle, the plaintiff herein, being at that time the holder of two mortgage notes, one in the sum of $20,000 and one in the sum of $7,628, which notes were secured by a mortgage prior in rank to said vendor's notes of $110,000, desiring to acquire the note upon which executory proceedings have been brought herein, entered into a notarial agreement to sell and did sell said notes of $20,000 and $7,-628 to Wm. Winans Wall, by an act of sale before Henry Mayer, notary public for the parish of St. Mary, which said act of sale before Henry Mayer, notary public, subordinated the said notes therein sold to said vendor's notes of $110,000, but that after entering into said notarial agreement to sell said notes, and after the price of sale had been paid into the hands of his agent, the said Wm. Kyle discovered that the interest on said vendor's notes amounting to $110,000, one of which he desired to purchase, did not contain the stipulation that the interest thereon should be paid annually, and being advised that the interest could not be collected until the maturity of said notes, the said Wm. Kyle, plaintiff herein, who had given his check for the vendor's note, the subject of this suit, refused to complete the transaction and stopped payment upon his said check so given, until the vendor's note, which he had purchased, was changed and altered to meet his views and the interest thereon made payable annually; that thereafter, to wit, on the 25th day of September, 1911, the holder of said vendor's notes of $110,000 entered into an agreement with the Bayou Salé Planting & Drainage Company, by a notarial contract before Chas. Schneidau, notary public, of said date, by which said vendor's notes were materially altered and changed; that on said date the said notary wrote into said notes, after the words "from date until paid," the following words: "Interest payable February 1,

1912, and annually thereafter from said date" —as will more fully appear by reference to a certified copy of said notarial act hereto annexed and made a part hereof.

Petitioner charges that in order to induce the Bayou Salé Planting & Drainage Company to make such change in said notes a consideration aggregating more than $3,000 was paid to the Bayou Salé Planting & Drainage Company.

Now, your petitioner shows that said change in said notes was made without the knowledge or consent of Pliny H. Hardy, then the holder and owner of the two mortgage notes of $10,-000 each, hereinabove firstly described, which had been subordinated to the vendor's notes of $110,000 by the aforesaid act before Chas. F. Borah, notary public, of date 7th of March 1911, and that said change in said notes, so far as the holder and owner of the said two mortgage notes of $10,000 each is concerned, was null and void and of no effect, and that the same was a fraudulent change, in that it was an attempt to impair his vested rights, guaranteed to him by the Constitution of the state of Louisiana and of the United States, and as to him must be considered the same as never having been made.

Now, petitioner, South Bend Company, shows that by the mesne conveyances hereinabove set forth petitioner was subrogated to all of the rights of Pliny H. Hardy, the holder and owner of said two mortgage notes of $10,-000 each, so subordinated as hereinabove set forth, and that said change made for a consideration was a material change and alteration in the said vendor's notes of $110,000, and constitutes a fraud upon the rights of petitioner.

Now, your petitioner shows that as to it no changes in said note can be considered as having been made, and that no interest is now due and owing on said vendor's lien notes, and nothing will be due and owing until the maturity of said notes, as originally drawn, and as they stood at the time of the sale of said notes to said Pliny H. Hardy, and therefore plaintiff, Wm. Kyle, has no right to executory process at this time as prayed for by him and allowed by this honorable court.

That even should this court hold that said change was not in fraud of your petitioner's rights and was entirely valid, then and in that event no right to executory process exists, because of the discrepancy between the note sued on and the one described in the act of sale securing same before Chas. Schneidau, notary public, June 9, 1910, the note sued on purporting to be a note in which interest is payable on February 1, 1912, and annually each year thereafter, and the note described in said act of sale securing same being a note payable, with interest, on or before 10 years after date.

Petitioner shows that it is now cultivating and harvesting a crop of cane on said property, and that to allow said writ of seizure and sale to be executed would cause petitioner irreparable injury and damages exceeding $5,000, and petitioner is entitled, the premises and annexed affidavit considered, to a writ of injunction herein.

Wherefore petitioner prays that an injunction issue herein, directed to the clerk of this honorable court, enjoining him from issuing the writ of seizure and sale herein, and that said Wm. Kyle be cited to appear and answer this demand, and, after due legal proceedings had, that there be judgment in favor of petitioner over and against said Wm. Kyle, perpetuating said writ of injunction and for damages in the full sum of $250 as attorney's fees.

Petitioner prays also for costs and for all general relief.

[Signed] Johnston Armstrong,
Atty. for South Bend Co.