On Rehearing.
SOMMERVILLE, J.
The mortgage sought to be foreclosed in this case is for the annual interest due upon one of three notes, aggregating $110,000, secured by mortgage on the property belonging to the South Bend Company, which company has enjoined the *375 sale of saicl property on the ground that the interest on said note is payable at the expiration of 10 years, and that the property is not liable to seizure and sale for the interest on said amount for any one year before the maturity of the note. The interest was made payable annually in a corrective act after Pliny I-I. Hardy, the vendor of the South Bend Company, had acquired certain mortgage notes, under which he seized and caused to be sold, the plantations involved in the suit. Mr. Hardy was the purchaser of the property at the sheriff’s sale. The questions presented are: Did the South Bend Company take the property subject to the corrective act of mortgage which made the interest payable annually, instead of at the expiration of 10 years, the term of the mortgage ; and whether Pliny I-I. Hardy, the vendor of the South Bend Company took said property subject to the corrective act of mortgage, which is now being sought to be foreclosed upon when he bought the property at sheriff’s sale; or whether he took the property free from the effects of said corrective act.
When the case was before us on an exception of no cause of action, 134 La. 232, 63 South. 886, we held that the South Bend Company, in this suit, was standing upon the rights of Hardy which he had acquired at the sheriff’s sale, and to which it, the company, had succeeded; and that it was not standing upon the rights of Hardy as holder of the $20,000 mortgage notes, to which the South Bend Company had never succeeded.
The act of sale in which $110,000 worth of mortgage notes were given as part of the purchase price of the plantations involved was passed June 9, 1910. On September 25, 1911, an act of correction was passed, reciting that an error had been made in the original act with reference to the payment of interest, and that it had been the intention of the parties to make the interest payable annually, instead of at the expiration of 10 years, and it was so agreed in the subsequent act. Both of these acts were recorded about the time that they were passed respectively. And when the South Bend Company took title from Hardy, September 18, 1912, it assumed the payment of all valid, mortgage notes and other incumbrances recorded at that time. It took with full notice-that the corrective act had been made and filed, and it specially assumed the three notes .aggregating $110,000, which were declared to be outstanding obligations, bearing upon the property. This evidence was. not in the record on the trial of the exception of no cause of action.
The South Bend Company did not refer to-the corrective act in the act of sale; but it waived the production of the certificate of mortgages which -would have shown that the-original act had been corrected by a subsequent act. The company must therefore be treated as having assumed the payment off the notes referred to in the condition in which they had been since the date of the corrective act, September 25, 1911, just one-year previous.
Besides, Johnston Armstrong was, at the time of the purchase, secretary-treasurer of the South Bend Company, and he is now the president thereof. He was a witness to the-corrective act, and knew exactly the full extent of the assumption made by the company when he signed the act of sale from Hardy to-the South Bend Company.
Since the exception of no cause of action has been disposed of, and the case has been tried on the merits, with the evidence before-the court, it is qrrite clear that the property in question passed to Hardy subject to the mortgage now sought to be foreclosed for the payment of the annual interest; and Hardy, therefore, transferred the property to the South Bend Company subject to that same mortgage.
*377 Pliny H. Hardy, acting through George A. Hero, in the suit entitled George A. Hero v. Bayou Sale Planting & Drainage Company, acquired title to the property at sheriff’s sale in said suit, September 20, 19X2. This was one year after the corrective act had been passed and recorded. He took the property burdened with this corrective act, taken in conjunction with the original act which it purported to correct. This corrective act was made by the proper parties, the Bayou Sale Planting & Drainage Company, per William WJnans Wall, president, and Charles P. Borah, representing the Ellerslee Planting Company, Limited, with Johnston Armstrong as one of the witnesses. The record does not disclose whether Mr. Armstrong was the attorney for Pliny H. Hardy at the date or not. But, at the time that Mr. Hardy, acting through Mr. Hero, caused executory process to issue, Mr. Armstrong was the attorney of record, and he, as attorney of Mr. Hardy, instructed the sheriff to insert in the advertisement for sale:
“The statement that the sale is made subject to the rights of the holder of the mortgage notes to which said above-described notes were subordinated by an act of subordination before Charles E. Borah, notary public, recorded in Book 61, p. 345, of the Mortgage Records of St. Mary parish.”
Where the relation of attorney and client exists, the law of principal and agent is generally applicable, and the client is bound, according to the ordinary rules of agency, by the acts of the attorney within the scope of the latter’s authority. 4 Cyc. 932 (C). Mr. Armstrong was clearly acting within the scope of his authority when he instructed the sheriff to sell the property “subject to the rights of the holder of the mortgage notes” to -which his client’s notes had been subordinated. And the clerk and the sheriff acted under the instructions given, and the sheriff offered and sold the property in question subject to the certificate of mortgages, which was read at the time of the sale. In that certificate of mortgages which forms part of the deed accepted by Pliny H. Hardy, there is recited:
“A special mortgage and hypothecation of property and vendor’s lien, given by the Bayou Sale Planting & Drainage Company in favor of William F. Williams, for the sum of $290,-500, represented by three notes, dated June 9, X9X0, aggregating the sum of $1X0,000, each for the sum of $36,666.66%, payable respectively on or before 10 years after date, conditioned to bear interest at the rate of 6 per cent, per annum from date until paid (said interest on each note to be payable annually on the 1st day of February of each year),” etc.
[1, 2] The parties to the original act had the right to make the corrective act making the payment of interest annual as they had always intended it should be paid. The recording of that corrective act at a date prior to the time of the sale of the property by. the sheriff was notice to Hardy. And the assumption of the payment of the notes referred to in the corrective act by Pliny H. Hardy at the sheriff’s sale was a binding obligation assumed by Hardy. Hardy was free to assume the payment of the notes as certified by the clerk to be recorded and to bear upon the property; and he accepted the sheriff’s deed containing that assumption. There can be no doubt that Hardy had full knowledge of the recorded original mortgage and notes and ’the correction thereof by the subsequent act, for his attorney gave written instructions to the sheriff to sell the property subject to them.
1-Ie, the attorney, bid in the property for Hardy, after hearing the clerk’s certificate read which stated clearly that the interest on the notes was payable annually, and he accepted the title.
Hardy assumed the payment of the notes as corrected, and the interest on those notes is payable annually.
It is therefore ordered, adjudged, and decreed that the judgment of the district court, of date May 7, X9I4, be annulled, avoided, and reversed, and that the petition of the South *379 Bend Company be dismissed; that the injunction herein sued out be dissolved and set aside, and the sheriff is ordered to proceed with the sale of the property to enforce the payment of the amount claimed in the petition of plaintiff — all at the cost of the South Bend Company.
PROVOSTY, X, dissents.
O’NIELL, X, is recused.