No. 174.—George W. Kittridge *v.* M. D. C. Cane et al.

An agreement, in writing, acknowledging the ownership in lands does not dispense with the production of the primordial title in a suit to recover. On the question of land titles in this State, the settled doctrine appears to be that where an agreement in writing acknowledges ownership in lands, if the title of such ownership is set forth in the instrument, and the existence and loss of the primordial title is shown, then the claimant is entitled to recover on producing the acknowledgment. But if the instrument or acknowledgment does not contain the original primordial title, the claimant under it can not recover without producing the primordial title referred to in the act referring to it.

APPEAL from the Tenth District Court, parish of Caddo. *J. Pinckney Harris,* (attorney at law), Special Judge, *vice* Levisee, recused. *James W. Duncan* and *Land & Taylor,* for plaintiff and appellant. *Nutt & Leonard,* for defendant and appellees.

Taliaferro, J. The plaintiff. sues for six-sevenths of one-third part of several tracts of land lying in the parishes of Caddo and Bossier, and for the same share and interest in various town lots in the city of Shreveport; The property of which he claims the six-seventh of one-third part he avers is owned and held in common by and between himself and the defendants, M. D. C. Cane, and her daughter, Mary Jane Cane, wife of H. McCormick.

This claim, it appears, was first set up by an opposition to an account filed by one of the defendants, as executrix of James H. Crane; but the opposition was abandoned and the plaintiff brought this action for a partition which, from a denial of his title by the defendants, assumes, in some respect, the form of a petitory action. He prays judgment for six-sevenths of the rents and profits of the property from the time of the death of Samuel Bennett, etc.

The plaintiff shows that he is the owner of six-sevenths of the estate of Samuel Bennett, who died in 1853. He aims to show that the property he designates was owned to the extent of one-third part by Samuel Bennett. To this end he produces the following act:

"PARISH OF BOSSIER—STATE OF LOUISIANA.

"Be it known, that we, the parties whose names are hereunder subscribed, have this day entered into, and make this act or agreement for the purpose of perpetuating facts herein set forth:

"It is understood, and such is here declared to be the fact, by James H. Cane, and Mary D. C. Cane, wife of James H., who appears for herself and as natural tutrix of her minor child, Mrs. S. Bennett, herein authorized and assisted by her said husband, that all the lands purchased by said James H. Cane, in the State of Louisiana, including the plantation on which said Cane and wife now reside, and also the interest of said James H. Cane and wife in the town of Greenwood, together with the interest and tenements of James H. Cane and Mary D. C. Cane, his wife, in the town of Shreveport, belong one undivided third part to Samuel Bennett, Sr., and one undivided sixth part to William S. Bennett, the minor child aforesaid, whether purchased from the Government of the United States or from individuals—except the one-sixth part in the Shreveport property, which has been awarded to the minor child (heretofore). All which is according to an original agreement between parties.

The remainder of said lands and interests in said towns belonging to the said Cane and to the said Mary, his wife; and the said Samuel Bennett, Sr., declares the foregoing statement to be true.

Done and signed in the parish of Bossier on this twentieth day of June, 1843, in the presence of John R. Cane and James Alston, witnesses of full age and legal domicile, who, with the parties aforesaid, have also signed this instrument.

(Signed)                                          "JAMES H. CANE,
"JOHN R. CANE,                          "MARY D. C. CANE,
"JAMES ALSTON."                         "SAMUEL BENNETT."

"Be it known and understood, by the consent of the within subscribing witnesses, it is mutually agreed that the plantation on which we now live shall be kept together for the space or term of seven years

from this time. Given from under our hands this twentieth day of June, 1843, and before the same witnesses.

| (Signed) | (Signed) |
|---|---|
| " JOHN R. CANE, | " JAMES H. CANE, |
| " JAMES ALSTON." | " MARY D. C. CANE, |
| | " SAMUEL BENNETT." |

The defendants filed separate answers. M. D. C. Cane denies that the instrument presented by plaintiff confers any title whatever. Admits that she signed the act, but denies that there was any legal consideration for the same; that she was induced to sign it by Samuel Bennett on his statement that J. H. Cane, her then husband, had consented to give him the interest set forth in the instrument, in order to hold and keep the same for the use and benefit of the respondent and her children. She alleges the nullity of the act, and that it was abandoned by her husband and said Bennett.

The other defendant answers that she is ignorant as to whether the signatures to the act are genuine or not. She denies any consideration ever having been given; and that Samuel Bennett ever had any legal right to the property claimed; that if any such agreement was ever made it was a mere donation *inter vivos* and in fraud of her rights and of those of her half-brother, W. S. Bennett, and is null on that account as well as for want of form. She pleads in reconvention against this demand a debt of $80,000 owing her, as alleged, by the succession of Samuel Bennett.

There was judgment as of nonsuit in the lower court, and the plaintiff has appealed.

The issue between the parties will be determined simply by a solution of the question, what is the character and import of the act upon which the plaintiff founds his claim?

The act refers to " an original agreement between parties." No original agreement is shown. The plaintiff contends that the act is simply an acknowledgment or recognition of a title in Samuel Bennett to an interest in the lands in question; that it is not the source or origin of his title, but simply evidence of it; that it is what it purports to be, an act to perpetuate certain facts, and that the motives of the parties in signing it were to furnish Samuel Bennett with written evidence, which, up to that time, depended upon parol, and which evidence they were morally bound to furnish. The plaintiff relies on the case of Richardson *v.* Hyams, 1 An. 286, and the cases of Brown *v.* Frantum, 6 La. 39, and 5 La. 73 to 77.

The defendant holds the instrument to be, if anything, a recognitive or confirmative act of that character which does not dispense with the production of the primordial title. C. C. 2251. " Recognitive acts do not dispense with the exhibition of the primordial title unless its tenor be there specially set forth."

In the case of Richardson v. Hyams, the act signed by Winn was authenticated before a notary, who registered and recorded it in the parish of Carroll, where the lands spoken of were situated. The act was dated October 2, 1837, and was recorded thirteenth November, 1838. The instrument recognized title and ownership in Friend jointly with himself, and contained a power of attorney to Friend to sell the land specified. Third parties had acquired rights under that state of things, and the court protected them against " the imprudence of Winn in presenting Friend's rights in a false aspect to the world." This court in the case of Brooks v. Norris, 6 Rob. 181, to which our attention has been invited, said : " According to Dumoulin and Pothier, as well as a formal article of the Civil Code of this State, recognitive acts do not dispense with the primordial title, unless its tenor be therein specially set forth." These authors distinguish between recognitive acts or acknowledgments which are in the form the call ex certa scientia and those in forma communi. The former, said to be in forma speciali et dispositiva, are those in which the primordial title is set forth. They have this peculiarity, that they are equivalent to the original title in the event of its loss, and prove its existence against the person making it, and they dispense with the production of the primordial title. On the other hand, recognitive acts " in forma communi, are those in which the primordial title is not set forth. These acknowledgments," says Pothier, " serve only to confirm the primordial title and to interrupt prescription ; but they confirm the original title only so far as it is true ; they do not prove its existence, and they do not dispense with its production."

It is clear to our minds that the instrument presented in this case is an act of this latter kind, and can have no effect of itself as an act translative of property. We concur with the plaintiff himself in believing that it it neither a conveyance, an agreement to convey, a donation or an exchange ; but we do not concur with him that it is evidence of title or the furnishing written evidence of a title, which had previously depended upon parol. It points to " an original agreement between the parties." If that original agreement were in writing and purported to convey real estate, the production of that act was indispensable. It can not suffice, of itself, to establish title. The doctrine contended for would obviously lead to results utterly subversive of all the well settled rules of evidence relating to the proof of title to real estate. We think the plaintiff is not sustained in his position, and that he can not recover.

Aside from the inefficiency of the instrument, its vitality or purpose, if it ever had any, seems long ago to have been destroyed by the parties to it. The purpose of the act would seem to have been a desire to protect James H. Cane's wife and children from the effect of intem-

perate habits he was addicted to, and to insure the redemption of bank bills he had issued in course of business.

It is in proof that Samuel Bennett never exercised any ownership or control over the property of James H. Cane during his lifetime; and that after his decease, was present at the taking of the inventory of J. H. Cane's estate, and pointed out as property of his succession, the very property referred to in the instrument of twentieth June, 1843, and signed the inventory. C. C. 2251; 6 Rob. 181, and authorities there cited; 6 La. 39.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.