LAND, J.
This is a possessory action, instituted by the plaintiff, hereinafter styled the Hanson Company, against the defendant company, hereinafter styled the Riggs Company and its vendors, M. W. McHugh, and the heirs of Richard Lynch.
The plaintiff alleges:
“That it is the lawful owner and in actual physical possession of lot 3 of section 24, lots 2, 4, 7, and 10 of section 13, the E. % of the S. E. 14 of section 12, all in township 12 S., range 10 E., and all that portion of section 7 lying north of Little Pigeon, except the N. W. 14 of the N. W. 14 thereof, situated in township 12 ¡3., range 11 E., and S. W. 14 of S. E. 14 of section 6, township 12 S., range 11 E., and lots 5, 6, 7, 9, and 10 of section 25, township 12 S., range 10 E.”
The petition further alleges that the Riggs Company, under a pretended contract with its codefendants, claims to have acquired' the right to cut and remove cypress timber on all the above-described lands, except the portion of section 7 and section 25, and has deadened and trailed all, or most, of the timber situated upon said property, and is now preparing to remove the same from the ground.
The petition alleges that the trespass of the Riggs Company has damaged the plaintiff in the sum of $1,000, and prays for writs of injunction restraining the said company from further working on said land, and for judgment maintaining plaintiff in peaceable possession of the premises, perpetuating the injunction, and condemning the Riggs Company to pay said sum of $1,000, and the defendants to pay all costs. Writs of injunction issued as prayed for.
The Riggs Company answered, denying all the allegations of the petition not specially admitted, and averring that it was the owner of all the cypress timber on the lands in dispute ; that respondent acquired title and possession of said timber from its codefendants in October, 1909; that, immediately after its purchase, it went into and has continued in the open and notorious possession of said property, deadening, throwing, and trailing said timber preparatory to its removal.
The Riggs Company further answered that, prior to its purchase, the Hanson Company had written to the vendors of the respondent, disclaiming title to all the lands described in the petition, except those in sections 7 and 25, and was therefore estopped to question the title and possession of the Riggs Company.
After the filing of this answer, an exception of no cause of action was filed by all the defendants. McHugh and the heirs of Richard Lynch answered,, pleading the generalissue, setting out their titles, and averring open possession of the premises more than a year prior to their sale of the timber to the Riggs Company, and also pleading the estoppel set forth in the answer of their codefendant.
During the trial of the case, the plaintiff; over the objections of the defendants, was permitted to amend its petition, and to set forth the titles under which it claimed possession.
After a protracted trial, there was judgment on the merits in favor of the Riggs Company, and judgment for the other defendants on the exception of no cause of action.
On the simple issue of possession vel non of the lands in dispute, the court is confronted with a record containing 387 pages.
[1] This suit was instituted on March 2, 1910. On October 25, 1909, the Riggs Com *775 pany purchased, and shortly thereafter took actual possession of, the lands in controversy, and commenced the preparatory work necessary for the removal of the cypress timber standing thereon. It is not pretended that the plaintiff, or any one else, was in actual adverse possession of the premises when the Riggs Company took possession. The contention of the plaintiff is that its authors had actual possession of the lands, under apparent titles; and that such possession was transferred through mesne conveyances to the Hanson Company. Now, the .fact is that the Hanson Company had no color of title to the lands in controversy when the Riggs Company purchased in October, 1909. On November 10, 1909, the widow and heirs of Albert Hanson attempted to vest title in the Hanson Company, by an act of acknowledgment and ratification, which, after reciting the titles of Albert Hanson, procefeds as follows:
“Whereas, at the organization of the Albert I-Ianson Lumber Company, Ltd., in the year 1895, said property became the property of said company by purchase at about the price and sum of seven hundred and eighty dollars, and which property was not taken over as such; and whereas,” etc.
And concludes as follows:
“This instrument is signed for the purpose of acknowledging the title of the Albert Hanson Lumber Company in and to said property to begin from the date of its organization which acknowledgment and ratification is received on behalf of said Albert Hanson Lumber Company by....... its vice-president,” etc.
In the plaintiff’s supplemental petition, it is alleged:
“That petitioner acquired title to said property and actual possession thereof some time in the year 1895, but that the only evidence it is now able to show in that regard is a ratification deed,” etc.
It is not alleged in the petition, nor is it recited in the deed, that the alleged purchase .in 1895 was in writing. Verbal sales of immovables have no effect, even between the parties, unless executed by actual delivery of the property and confessed by the vendor, when interrogated under oath. C. C. 2275. Even if there had been a written sale between the parties, “recognitive acts do not dispense with the exhibition of the primordial title, unless its tenor be there specially set forth.” C. C. 2271. In Kittredge v. Cane, 22 La. Ann. 519, it was held that, if an instrument or acknowledgment does not recite the tenor of the original primordial title, the claimant under it cannot recover without producing the title referred to in the recognitive act. In the opinion in that case, the court said:
“These acknowledgments,” says Potkier, “serve only to confirm the primordial title and to interrupt prescription; but they confirm the original title only as far as it is true. They do not prove its existence, and they do not dispense with its production.”
It follows that the Hanson Company has shown no title whatever from Albert Hanson, and consequently no conveyances of his rights of possession in and to the lands in controversy.
[2, 3] Having no color of title, the Hanson Company cannot invoke the rule that the possession of a part is possession of the whole, but, relying on possession alone, must show an adverse possession by inclosures. Ellis v. Prevost, 19 La. 251. It is not claimed that the plaintiff ever had any such possession, Even where a plaintiff claims possession under color, of title, mere payment of taxes, tracing the boundary lines, marking of trees, and watching for trespassers do not constitute real and actual possession of the land and timber thereon. Albert Hanson Lumber Company v. Baldwin Lumber Company, 126 La. 347, 52 South. 537. The deadening of some timber in 1898, which was never removed, seems to be the only act of real possession performed by the Hanson Company. The extent of this possession is not shown with any degree of *777 certainty; and the intent to retain possession is not presumed, where one “has failed to exercise an actual possession for ten years.” C. C. 3444.
The truth of the matter seems to be that the titles of Albert I-Ianson did not describe the particular lands in controversy so as to identify the same; and that, for that reason, they were not conveyed to the Hanson Company.
Judgment affirmed.
See dissenting opinion of PROVOSTS', J., 58 South. 568.