(83 South. 319)

No. 22115.

FORTNER'S HEIRS v. GOOD PINE LUMBER CO. et al. (EZELL, Intervener).

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. PARTIES ⊚═39 — RIGHT OF INTERVENTION IN ACTION TO TRY TITLE.

In an action, under Act No. 38 of 1908, to establish title to realty, petition of intervention setting up title and possession in the intervener, and asking for judgment against plaintiffs and defendants, decreeing her to be the owner in possession of the property, stated no cause of action; the act providing that action thereunder shall not conflict or interfere with the petitory and possessory actions.

2. EVIDENCE ⊚═459(5)—PAROL EVIDENCE NOT AN ATTACK OR IMPEACHMENT OF JUDICIAL SALE.

In an action, under act No. 38 of 1908, to establish title to realty, plaintiffs claiming as heirs of one who bought the property at sheriff's sale, parol evidence going to show that I. B. and J. B. Edwards (defendant in the action in which the land was sold) were one and the same person, was not inadmissible as attacking, altering, or impeaching the record leading up to the sale in a collateral manner, being offered by plaintiff to sustain it.

3. EVIDENCE ⊚═418—PAROL EVIDENCE PROVING PARTIES TO CONTRACT.

Parol evidence is admissible to prove who were the parties to a contract.

4. EVIDENCE ⊚═459(5)—PAROL EVIDENCE OF LETTER OF SIGNATURE.

Parol evidence would be admissible to determine whether a letter of a signature was I. or J.

O'Niell, J., dissenting in part.

Appeal from Thirtieth Judicial District Court, Parish of La Salle; George Wear, Judge.

Action by the heirs of John Fortner against the Good Pine Lumber Company and the Trout Creek Lumber Company, wherein Mrs. M. E. Ezell intervened. From judgment against defendants and the intervener, they appeal. Affirmed.

Flowers & Flowers, of Jena, and Grisham & Oglesby, of Winnfield, for appellant intervener.

White, Holloman & White, of Alexandria, for appellants Good Pine and Trout Creek Lumber Cos.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellees.

SOMMERVILLE, J. The heirs of John Fortner bring this action to establish title to real estate under the provisions of Act No. 38 of 1908, p. 38. They allege that they have the recorded title and that the Good Pine Lumber Company and the Trout Creek Lumber Company also have recorded titles to the same property, and they ask that they be adjudged the owners of said property.

[1] Mrs. M. E. Ezell intervened in the suit, setting up title and possession in herself, and asked for judgment against plaintiff and defendant decreeing her to be the owner in possession of the said property.

Plaintiff filed an exception of no cause of action to the petition of Mrs. Ezell which was overruled. This was error. A bill of exceptions was reserved by plaintiffs to the ruling.

The suit brought by plaintiffs against the defendants was for the purpose of having determined the validity of the recorded titles held by those parties; and a judgment rendered therein could not affect any third parties, as set forth in Act No. 38. The petition of intervention changed the nature of the suit altogether. It was an action in a suit which was simply one to try title between two parties, neither of whom claimed possession.

Act 38 of 1908 was intended to give to two or more claimants to a piece of land who had recorded titles thereto, where no one of whom was in actual possession, the right to go into court and litigate their respective titles. The act specially provided that the actions thereunder should not conflict with or interfere with the petitory and possessory actions. As

under the allegations in intervener's petition her cause of action is under the principles of the possessory or petitory actions, she is not entitled to relief under the provisions of Act 38 of 1908. She could not become a plaintiff in a petitory action, because, being in possession, she cannot bring such action. It must be brought by a party not in possession against a person who is in possession. And she cannot proceed under Act No. 38, which provides that an action may be brought to establish title to real estate where neither claimant to the land by recorded title is in possession. The exception of no cause of action to the petition of intervention should have been sustained.

The case proceeded to trial, and there was judgment in favor of the plaintiffs and against the defendants and the intervener; and the latter have appealed.

The only disputed point between the plaintiffs and the defendants is whether a sheriff's sale relied on by plaintiffs was a sale in the matter of John Fortner v. I. B. Edwards, or John Fortner v. J. B. Edwards. Plaintiffs contend that the suit was that of John Fortner v. Ira B. Edwards, and that John Fortner bought the property from I. B. Edwards at a sheriff's sale; that Fortner did not sell the property; and that title had passed to his heirs, the plaintiffs herein.

It appeared from the evidence that Ira B. Edwards bought the property in question from the United States government in the year 1858; that he borrowed part of the purchase price from John Fortner; that he was unable to pay same, and John Fortner sued Edwards, obtained judgment, and caused the property to be seized and sold to himself.

[2, 3] The defendant offered the original proceedings in the cause, and they showed that the suit, judgment, and sheriff's deed were all in the name of J. B. Edwards, and not I. B. Edwards; and they claim that Fortner's title was to land belonging to J. B., and not the land belonging to I. B., Edwards. Defendants objected to parol evidence going to show that I. B. and J. B. Edwards were one and the same person, which objection was properly overruled. The testimony was not an attempt to attack, alter, or impeach the record leading up to the sale, in a collateral manner. It was offered to sustain the same. The attack upon the sale was being made by the defendants; the plaintiffs were defending and attempting to sustain the validity of said sale. Parol evidence is admissible to prove who were the parties to a contract, and to supply the Christian name of Edwards, whether it was I. or J.; it was admissible to prove the identity of the parties to the act, and it does not impeach it in any way.

The evidence of plaintiffs shows that there was no J. B. Edwards in Catahoula parish at any time; that there was an I. B. Edwards; that I. B. Edwards was the same Edwards who acquired the land in question from the United States government; and that this Edwards was the same Edwards whose land was seized and sold by the sheriff, and bought in by Fortner.

[4] The defendants did not offer any evidence going to contradict any of these facts. I. and J. are so similar in the handwriting of some people that it would require evidence to determine whether the letter was intended for an I. or a J., and parol evidence would be admissible for such purpose. As plaintiffs admit on their brief that this is the only question in the case, we have come to the same conclusion as did the district judge.

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs.

O'NIELL, J., dissents from the ruling dismissing Mrs. Ezell's petition of intervention on the exception of no cause of action.