No. 1922
Second Circuit

---

BODCAW LUMBER COMPANY OF LOUISIANA v. THE PARDEE COMPANY

---

(October 21, 1925.  Opinion and Decree.)
(December 10, 1925.  Rehearing Refused.)

---

(*Syllabus by the Editor.*)
ON THE PLEA OF ESTOPPEL.

1.  **Louisiana Digest—Estoppel—Par. 2, 31.**
The fact that the plaintiff claims that the land is wild and in the possession of no one at the time that the suit is brought does not estop him from showing that the land has been cultivated or in the possession of someone in the past.

2.  **Louisiana Digest—Laws—Par. 70; Petitory and Possessory—Par. 73, 77.**
The only purpose of Act No. 38 of 1908 is to permit suit to test title to real estate in which no one is in actual possession; because under the Code of Practice, where no one is in actual possession there is no provision for the bringing of suit to test the title to land.

ON EXCEPTION NO CAUSE OF ACTION.

3. **Louisiana Digest—Sales—Par. 279.**

The fact that Act No. 38 of 1908 contains the wording "and the judge shall decide which of the claimants are the owners of the land in dispute", does not thereby prevent plaintiff's vendor and warrantor from intervening for the purpose of maintaining plaintiff's title.

ON THE PLEA THAT THE INTERVENTION CAME TOO LATE.

4. **Louisiana Digest—Appeal—Par. 564, 565, 566.**

Where the defendant did not object to an intervention that was filed on the day that the case was put on trial, he cannot make his objection for the first time in the Court of Appeal.

ON THE MERITS.

5. **Louisiana Digest—Possession—Par. 5.**

Possession of a part of land under a title to the whole land and intention to possess the whole is possession of the whole.

6. **Louisiana Digest—Prescription—Par. 20.**

Under Civil Code Articles 3492, 3443 and 3444 one who takes physical possession of land under a title translative of property is presumed to have continued possession until the day on which he sold. Therefore, he has sufficient to give him a good title by prescription of ten years if he sells more than ten years after taking possession.

ON APPLICATION FOR A REHEARING.

7. **Louisiana Digest—Sales—Par. 279.**

Articles 389 and 390 of the Code of Practice clearly give the vendor and warrantor of land in dispute in a suit brought under Act No. 38 of 1908, the right to intervene for the purpose of maintaining his vendee's title, even though the vendor and warrantor does not claim ownership or possession of the land in dispute.

8. **Louisiana Digest—Prescription—Par. 1.**

The articles of the Civil Code which treat of prescriptive titles to real estate are unaffected by Act No. 38 of 1908 which gives one the right to sue for title to real estate where no one is in possession at the time suit is brought.

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville, Hon. J. E. Reynolds, Judge.

This is a suit brought under Act 38 of 1908 in order to have the plaintiff declared the owner to certain wild land of which no one has the actual physical possession. There was judgment for plaintiff, who was declared to be the owner of the land in dispute and defendant appealed. In the Court of Appeal the defendant filed a plea of estoppel and an exception no cause of action. Plea of estoppel and exception no cause of action overruled and judgment of the lower court affirmed.

Henry Moore, Jr., and White, Holloman & White, of Alexandria, attorneys for plaintiff, appellee.

Hawthorn and Stafford, of Alexandria, attorneys for defendant, appellant.

ODOM, J.    This suit is brought under Act No. 38 of 1908. Plaintiff alleges that it is the owner of SE¼ of SW¼ of Section 35, Township 16 North, Range 8 West, situated in Bienville parish and sets out its chain of title thereto. It alleges that the defendant erroneously claims to own the same property, and it is alleged

"said property is wild land, nobody is in actual physical possession thereof, and petitioner is entitled to judgment adjudicating it to be the owner under the provisions of Act No. 38 of 1908 of the Legislature of Louisiana."

And it is further alleged:

"Plaintiff is obliged to commence judicial proceedings against defendant, and has notified its vendor, Stephen L. Norman, of this action which it is commencing, and has called on him to conduct this suit, and reserves the right to sue him for an indemnification in case plaintiff fails herein."

It prays for judgment decreeing it to be the owner of the land described and that its rights against its vendor, Stephen L. Norman, be reserved, and that its right to

amend and claim the value of timber cut and removed from the land, if any, be reserved.

Defendant, in answer, denied that plaintiff owns the land described for various reasons especially set out which we do not deem it necessary to mention under the view which we have taken of the case, but it admits that it claims to own the land described in plaintiff's petition and admits the land is not now in the possession of anyone. It also admits that it has cut and removed some timber from the land and expresses willingness to pay for same in case plaintiff should be adjudged the owner of the land.

This answer was filed on September 15, 1922.

The case was set down to be tried on Monday, November 20, 1922, and on that day Stephen L. Norman, plaintiff's vendor, filed in court what he styles a petition of intervention setting out that he had sold the land in dispute with other land to the plaintiff in the case under a warranty deed and that as such warrantor he was interested in the result of the case and therefore had a right to intervene and set up the title under which he held together with his possession and that of his vendor's and he joins the plaintiff in this suit and adopts as his allegations all the allegations of the plaintiff's petition and adopts the chain of title set up by the plaintiff in article four of its petition; and in addition thereto sets out that in 1899 he purchased the land from W. M. Cloud and wife and went into possession of the said property by clearing and fencing a portion thereof and that said Cloud, his vendor, had likewise exercised ownership thereof by building a house thereon and that they transferred their possession to him; and he alleges possession by all the various owners of the land back to the government and introduces a plea of prescription of ten years in bar of defendant's right and in aid of his own title.

He prayed that plaintiff be decreed owner of the land in dispute.

There was judgment for the plaintiff decreeing it to be the owner of said property and entitled to the posession thereof, and defendant appealed.

In this court the defendant has filed a plea of estoppel and an exception of no cause of action.

### ON THE PLEA OF ESTOPPEL.

Counsel for defendant earnestly and quite strenuously urge that inasmuch as this suit was brought under the provisions of Act No. 38 of 1908 which is an act

"* * * to authorize the institution of suits to establish title to real estate where none of the parties are in actual possession of the same"

and inasmuch as plaintiff has alleged that "said property is wild land, nobody is in actual physical possession thereof" which allegation was specifically adopted by the warrantor, they are estopped from showing on the trial that any one ever had possession of the said land, on the ground that they cannot be heard to dispute their judicial allegation.

In other words, as the plaintiff and its warrantor have judicially admitted that the land is not now occupied they cannot now introduce proof of previous possession in order to support warrantor's plea of prescription.

We do not think counsel's position well taken.

The fact that the land is now wild and is not now in the actual corporeal possession of anyone by no means implies, as we see it, that the land has always been wild and that no one has ever occupied it.

We know from experience and observation that there are thousands of acres of land in this country which at the present

time are not physically occupied by anyone, are covered with second growth timber, but which lands at one time were in cultivation.

Act No. 38 of 1908 authorizes suits to test title between claimants where none of the parties are in actual possession of the land; which means, of course, possession at the time the suit is brought.

Under that act a suit may be brought to test title to a piece of land on which a residence is situated if no one is actually occupying it and in possession thereof; and in order to set out a cause of action the plaintiff must allege that the real estate is not in possession of anyone. Surely in making such an allegation he would not preclude himself from proving previous occupancy as a basis of prescription in support of his title.

The passage of Act 38 of 1908 was made necessary on account of a peculiar condition brought about by the provisions of the Code of Practice with reference to possessory and petitory actions.

Under the Code a claimant of real estate cannot bring a possessory action unless he has actual possession and cannot bring a petitory action unless the other claimant is in actual possession.

Therefore if no one was in possession there could be no suit to test title prior to the passage of Act 38 of 1908.

The only purpose of the act, as we see it, was to permit suits to test title to real estate in cases where no one is in actual possession.

But that act did not change the laws with reference to land titles nor alter in any respect the rules of procedure with reference to the establishment of the claim of either litigant in a judicial proceeding.

When suit is brought under Act 38 of 1908 the door is open to either claimant of the land to introduce any relevant testimony in support or aid of his title and as prescription is one of the modes of acquiring title to real estate either claimant may show previous possession of the property in support of his title.

If counsel's position be correct, the only testimony legally admissible in a suit of this kind is record evidence. Therefore a title based on prescription of thirty years could not avail a claimant unless someone were in actual possession of the land.

So it would be a remarkable rule, indeed, which would say to a claimant of land not actually possessed by anyone, that in order to get into court to assert his claim he must allege that the land is not now occupied, and then to say to him that inasmuch as he has alleged that the property is unoccupied he cannot prove his title.

The plea of estoppel is overruled.

## ON EXCEPTION OF NO CAUSE OF ACTION.

This exception is levelled at the intervention of Norman, plaintiff's vendor and warrantor. Counsel for defendant contend that under Act 38 of 1908 no one can be heard or permitted in the suit except the claimant of the land, and that inasmuch as Norman does not set up title in himself but specifically alleges that the plaintiff owns the land, he must be dismissed from the suit.

They call attention to the wording of the act itself—

"and the judge shall decide which of the claimants are the owners of the land in dispute"

and contend that all parties who are not claimants are barred.

They also cite the case of Fortner's Heirs vs. Good Pine Lumber Co., (Mrs. Ezell, intervenor) 146 La. 11, 83 South. 319.

The cited case is no authority for dismissing the intervenor from this case.

In that case Mrs. Ezell intervened, set up title in herself and asked judgment

against both plaintiff and defendant decreeing her to be the owner of the property.

The court held that under Act 38 of 1908 the issues must be tried out as between the plaintiff and defendant, and Mrs. Ezell's intervention was dismissed on the ground that she claimed title in herself as against both plaintiff and defendant, thereby changing the issues entirely.

In the case at bar, Norman is the plaintiff's vendor and warrantor. The plaintiff notified him of the action which it had brought against the defendant and called on him to conduct the suit. He therefore came in not as an outsider but joined plaintiff to maintain the title which he had conveyed and warranted. In a sense he is the real plaintiff in the suit. He is an intervenor in the suit, but he has joined the plaintiff and has raised no new issue but has asked that the plaintiff's title be maintained.

By coming into the suit after having been notified, he had become a party to the suit and while he is not a claimant of the land he has an interest in seeing the plaintiff's title upheld and he joins plaintiff in the suit for that purpose. His interest did not change the issue involved which is, whether plaintiff has a better title to the land than defendant.

The intervention of Mrs. Ezell in the Fortner case, supra, changed the issues altogether, as she set up title in herself as against both plaintiff and defendant.

The exception of no cause of action is overruled.

## ON THE PLEA THAT THE INTERVENTION CAME TOO LATE.

As has already been stated, the intervention of Norman was filed on the day the case was put on trial. Counsel for defendant urge before us that it was manifestly unfair to defendant to permit the intervenor to come into the case on the day of the trial and introduce proof of previous possession of the land in dispute in order to sustain his plea of prescription when neither the petition nor the answer raised any issue under which such testimony was admissible and that defendant was taken by surprise and had no opportunity to rebut intervenor's evidence.

A reading of the record fails to disclose that counsel for defendant offered any objection to going to trial or that they objected to the evidence offered by intervenor. They did not, so far as this record discloses, plead surprise and ask that the case be postponed in order that they might prepare to rebut whatever evidence of previous possession intervenor might bring on. Had they pleaded surprise and asked for time the trial judge would no doubt have granted it. Not having made their plea in the lower court it will not avail them here.

## ON THE MERITS.

The land in controversy was entered by James R. Kolb from the United States on January 16, 1851, under private cash entry, which entry was carried to patent on October 1, 1852.

The plaintiff owns said land under an unbroken chain of title from the entryman Kolb.

The same land was selected by the state of Louisiana as swamp land on November 4, 1850, under the swamp land act or Congress of March 2, 1849, and the selection was approved—
"so far as not claimed or held by individuals"
on May 6, 1852.

The State of Louisiana granted the same land to Calvin Pardee under patent dated May 21, 1890, and Calvin Pardee sold it to the defendant company on December 6, 1907.

There are various points raised in the pleadings and briefs with reference to the respective record titles of the plaintiff and

defendant, but under the view which we take of this case it is not necessary for us to pass upon the issues raised.

The land in question was purchased by S. L. Norman, the plaintiff's vendor and warrantor, from W. M. Cloud and wife, Frances Middleton, under a warranty deed dated September 23, 1899, recorded January 16, 1900.

The testimony satisfied us that the purchaser, Norman, within a very short time after his purchase went into actual physical possession of the land by clearing about ten or fifteen acres and by fencing about twenty or twenty-five acres thereof, and that following his fencing and clearing of the said property he actually cultivated it for a period of three years immediately thereafter.

It seems that he did not continue to cultivate this land but lived in the community until about 1912 or about the time he sold the property to the plaintiff in this case. As stated, there is no testimony that he occupied this property physically after he ceased to cultivate it during the three years immediately following his purchase thereof, but there is testimony which indicates that he never at any time intended abandoning the property or that he in fact gave up possession thereof. He says that for ten years after he purchased the property the clearing and the fences which he made thereon were still there.

He sold this property to the Bodcaw Lumber Company, the plaintiff in this case, under warranty deed dated March 20, 1912, and recorded March 23, 1912, and transferred to that company the possession which he had.

By reference to the deed from W. M. Cloud and wife to Norman it will be noted that there was 160 acres of land included therein. Norman as a witness in his own behalf was not quite certain that the clear-

ing which he had made was in the particular forty acres of land in controversy, although he thinks that a portion of the clearing that he made was on that forty.

However, there seems to be no question but that the clearing which he made was on some portion of the 160 acres which he bought from Cloud and as stated we think it reasonably clear that a portion of the clearing was on that particular subdivision in controversy in this suit.

Norman states, though, that he is quite positive that Cloud had built a house on the particular subdivision in question and was living in the house just prior to the time that he sold it to him.

It is clear, therefore, that a part of the land in controversy was in the actual, physical possession of Norman and his authors in title in 1899, more than ten years prior to the date on which Norman sold to plaintiff.

Possession of a part under title to the whole is possession of the whole.

Brown vs. Broussard, 43 La. Ann. 962, 9 South. 911; Railsback vs. Leonard, 118 La. 916, 43 South. 548; Louisiana Land Co. vs. Blackwood, 131 La. 539, 59 South. 984.

Norman having taken physical possession in 1899, he is presumed to have retained possession until the day on which he sold —a period of more than ten years.

Civil Code, 3492, 3443, 3444.

Under the law and testimony we are satisfied that, regardless of any question as to whether the plaintiff has a better record title to the land than defendant, Norman's title was a good one by prescription and that he conveyed a perfectly good and valid title to the plaintiff.

This view dispenses with the necessity of passing upon the various questions which these litigants have raised with reference to the record title.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.

Reynolds, Judge, recused.

---

## ON APPLICATION FOR REHEARING.

CARVER, J.    Defendant's able counsel apply for a rehearing, alleging various errors in our opinion.    They file an ingenious brief in support of the application, most of which is merely a re-argument of matters fully covered in our original opinion, as to which we deem it unnecessary to add anything further.    They particularly complain that we erred in misconstruing and refusing to follow the decision of the Supreme Court in the case of Fortner's Heirs vs. Good Pine Lumber Co., 146 La. 11, 83 South. 319.    They say that in that case Mrs. Ezell's intervention was dismissed not as said by us because she changed the issues by claiming ownership but because she changed them by claiming possession; that therefore Norman's intervention in this case should have been dismissed because he, too, claims possession and not ownership; that by allowing the Norman intervention we broadened the scope of Act 38 of 1908 which provides for confining the litigation to parties with recorded titles; and that we particularly erred in saying that one claiming title by thirty years' prescription could be a party to a suit under that act.

What we said about one claiming title by thirty years' prescription was said arguendo; was not necessary to a decision of the case, and if erroneous does not invalidate the conclusion arrived at.

However, we think the act available to anyone having a recorded title, even though his vendor held only by thirty years' prescription.

It is true that in the Fortner case Mrs. Ezell's intervention was dismissed because she claimed to be in possession of the land, but the possession meant was possession at the time of filing the intervention and not possession at any previous time.    The reason given for the dismissal on account of possession was that such possession brought Mrs. Ezell's case within the principles of the petitory or possessory action, the court holding that Act 38 of 1908 was available only to and against parties then out of possession.

The Fortner case would be in point if Norman had come into the suit claiming to own the lands himself and alleging that he was then in possession of them; but he does not do that; he intervenes to maintain the title conveyed to plaintiff with warranty and does not allege ownership in himself or present possession either in himself or in plaintiff.

There is nothing in the Fortner case or in the act which either gives or denies to a third person not claiming present possession the right to intervene if he has an interest in doing so; but such right is clearly given by Articles 389 and 390 of the Code of Practice which reads as follows:

"An intervention or interpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons, by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both."

"In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit, or in interest opposed to both."

Counsel also contend that Act 38 of 1908 limiting suits under it to parties out of possession eliminates all questions of possession and prescription and requires the

court to decide cases brought under it on the respective merits of the recorded titles alone.

We cannot agree with this view. The act does not purport to do anything more than afford to claimants under recorded titles an opportunity to test their respective claims when at the time of the suit the land is not in the actual possession of either party. It relates only to procedure and not to substantive rights, which rights are governed wholly by other laws. Amongst these laws are those relating to prescription and the possession necessary to support it. The possession mentioned in the act is possession at the time a suit is brought under it and not any previous possession which may have converted a poorer into a better title by prescription. The articles of the Civil Code treating of this possession and prescription in our opinion remain wholly unaffected by Act 38 of 1908.

Counsel also ask us to re-examine the case of McHugh vs. Albert Hanson Lumber Co., 129 La. 680, 56 South. 636. We have done so but do not find anything in that case contrary to the view herein expressed.

Rehearing refused.