### No. 1923

### Second Circuit

___

## THE PARDEE COMPANY v. BODCAW LUMBER COMPANY OF LOUISIANA

___

(October 21, 1925, Opinion and Decree)
(December 10, 1925, Rehearing Refused)

___

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 54, 62.**
An exception of no cause of action may be filed at any time even in the Appellate Court.

2. **Louisiana Digest—Sales—Par. 279.**
Under Article 384 of the Code of Practice the warrantor "may plead every exception in defending the case which the defendant might have pleaded, even such as are personal to the defendant". Therefore, the warrantor in a suit brought under Act 38 of 1908 may plead defenses which the defendant did not plead in order to defeat plaintiff's action.

3. **Louisiana Digest—Prescription—Par. 20.**
Under Articles 3442, 3443 and 3444 of the Civil Code, in order to acquire property by ten years' prescription the purchaser, more than ten years before, must have had actual physical possession under title translative of property and in good faith, but it is not necessary for his vendee to have actual possession also because "possession once acquired may be preserved by the mere intention of the possessor". Civil possession of his vendee is sufficient.

4. **Louisiana Digest—Timber—Par. 15.**
One who sold timber on land belonging to another must pay the owner the value of such timber, cut and removed from the land.

5. **Louisiana Digest—Estoppel—Par. 2, 31.**
Defendant, having admitted that the land is in the possession of no one, is not nor are his warrantors thereby estopped from introducing proof of previous possession.

Appeal from First Judicial District Court of Louisiana, Parish of Bienville. Hon. J. R. Reynolds, Judge.

This is a suit to test title to real estate under Act 38 of 1908. Defendant called his vendor in warranty.

There was judgment for defendant granting him title to the land and the value in money of the timber cut and removed from it.

Plaintiff appealed.

Judgment affirmed.

Hawthorn & Stafford, of Alexandria, attorneys for plaintiff, appellant.

White, Holloman & White, of Alexandria, attorneys for defendant, appellee.

ODOM, J. This is a suit to test title to real estate under Act No. 38 of 1908.

Plaintiff, the Pardee Company, alleges that it is the owner of southwest quarter of northeast quarter and southeast quarter of northwest quarter of Section 24, Township 16 North, Range 9 West, situated in the parish of Bienville.

Plaintiff sets forth that it acquired the property on December 6, 1907, from Calvin Pardee, and that Calvin Pardee acquired it on June 16, 1890, by patent from the state of Louisiana, and that the land was granted to the state of Louisiana by the United States under the swamp land act of Congress of 1849, the selection having been made by the state of Louisiana on November 4, 1850, and approved May 6, 1852.

Plaintiff sets out that said property is being claimed by the Bodcaw Lumber Company of Louisiana and that nobody has been in actual possession thereof.

It asks that it have judgment in its favor and against the defendant, decreeing it to be the owner of the land and entitled to possession thereof.

The defendant answered, admitting its claims to the land and setting up title in itself by a chain of title from Roland L. Horne, who is alleged to have entered the land from the United States by cash entry on January 26, 1851.

Defendant admitted plaintiff's allegation to the effect that nobody has been in actual physical possession of the land.

Defendant alleged that it purchased said land from Thomas J. Lawhorn, a resident of Bienville parish, and called said Lawhorn in warranty.

The warrantor came into court under defendant's call and adopted the defendant's allegations insofar as its ownership was concerned, but denied the allegation with reference to possession of the land and set up that he and his vendors have been in actual physical possession of the land described in plaintiff's petition from the time it was entered from the United

States government by Horne down to the present time, and asked that plaintiff's demands be rejected and that defendant be decreed the owner of the land and entitled to possession thereof.

It is alleged by defendant and not denied by plaintiff that a certain amount of timber had been cut and removed from the land by authority of the plaintiff company.

There was judgment in the District Court in favor of defendant, decreeing it to be the owner of the land in dispute and entitled to the possession thereof and for $1443.79, value of the timber admitted to have been cut and removed from the land.

From this judgment the plaintiff has appealed.

In this court the plaintiff has filed an exception of no cause of action to the answer of the warrantor, based, as we understand it, on the proposition that in an action brought to test title under the provision of Act No. 38 of 1908 no one has the right to be heard except those who are actual claimants of the land in dispute.

A considerable portion of plaintiff's brief is devoted to the question as to whether an exception of no cause of action may be filed in an appellate court. We do not think it necessary to discuss that point for the reason that we think it settled that an exception of that kind may be filed at any time, even in this court. In fact, this point, as we understand it is practically conceded by counsel for both the defendant and warrantor.

The main contention of counsel for plaintiff with reference to the appearance of the warrantor in this suit is that under the provisions of Act No. 38 of 1908 no party except the actual claimant of the land at the time the suit is filed has a right to file any pleadings in the case or

make any appearance whatsoever therein.

Counsel for plaintiff devote the greater portion of their argument and their brief to a discussion of this question. In support of their contention on this point they cite the case of Fortner's Heirs vs. Good Pine Lumber Co., (Mrs. Ezell, Intervenor), 146 La. 11, 83 South. 319.

We shall not enter into a full discussion of this point for the reason that in the case of Bodcaw Lumber Co. vs. The Pardee Company, 3 La. App. 162, 169, on the docket of this court, which is a companion case to this one, we have already discussed the question fully. We will state, however, in this connection that we do not consider counsel's point well founded. The court in the Fortner case held that Mrs. Ezell, the intervenor therein, had no standing in court; but the facts in that case were quite different from those in this case.

In that case Mrs. Ezell intervened in the suit, setting up title in herself, claimed to be the owner of the property, and asked for judgment decreeing her to be such owner, and opposed both the plaintiff and defendant. By doing so she changed the issues in the case entirely, and the court held that inasmuch as Act No. 38 of 1908, under which the suit was brought, provided for the testing of title as between the claimants of the land, the intervenor had no standing in the case.

In the case at bar the warrantor has not intervened in the suit, setting up title in himself, but has done what the law provides he shall do in all cases where a vendor and warrantor is called in warranty in a suit.

Article 384 of the Code of Practice provides that:

"The warrantor thus cited is bound to appear before the court in which the principal demand has been instituted even when he resides out of its jurisdiction in order to defend the suit for the defendant; he may plead every exception in defending

the case which the defendant might have pleaded, even such as are personal to the defendant."

And it has been held that he may make any defense which he has tending to defeat the plaintiff's action.

We are therefore of the opinion that plaintiff's exception of no cause of action is not good.

For a discussion of this question, see our opinion in the case of Bodcaw Lumber Company vs. The Pardee Company, 3 La. App. 162, 169, supra.

Another point which is specially pressed by counsel for plaintiff is that the warrantor, even when admitted in the suit, is not permitted to urge any defenses not urged by the defendant himself; and that inasmuch as it was admitted in the answer of defendant that nobody has been in actual possession of the land in question, the warrantor cannot prove possession in order to make out his title.

That contention is answered by the article of the Code of Practice quoted above which provides that the warrantor may plead exery exception in defending the case which the defendant himself might have pleaded, even such as are personal to the defendant.

With reference to the allegation of the plaintiff that the property involved· is "wild land, that nobody has been in actual physical possession thereof", which allegation is admitted by the defendant, we think counsel for plaintiff are in error in their construction or interpretation of the meaning of that allegation.

Plaintiff argues that the above quoted allegation means that no one has ever been in possession of said land. We do not interpret the allegation to mean that. We think that clause should be construed in connection with the act under which the suit was brought. Under that act it is not necessary to allege that no

one has ever been in possession of the land but only that no one is in actual possession thereof at the time of the suit. In the light of what is necessary to be alleged in order to bring the action under the act, we interpret plaintiff's allegation to mean that nobody is or was in possession of the land at the time suit was filed. We have no doubt that is the construction counsel for defendant placed on it. Hence their admission in the answer.

Under our interpretation of the allegation and the admission which was made by counsel for defendant, we are of the opinion that the allegation of the warrantor with reference to possession and the proof administered by him in support of the title inured to the benefit of the defendant.

Under the view which we take of this case, it is not necessary for us to decide the question presented with reference to the record title under which the plaintiff and the defendant claim. We have reached the conclusion that the title of the defendant is good by prescription.

John and Sam Holmes, two colored men, purchased the land in question from William Ricks under a warranty deed dated July 29, 1903, which deed was duly recorded.

William Ricks, who sold to Holmes, purchased the land from E. B. Lassiter under title translative of property, which was duly recorded in Bienville parish.

The testimony shows that Holmes, who purchased from Ricks in 1903, went upon the land shortly after they purchased it, rebuilt an old house which they found there, cleared and fenced some twenty or twenty-five acres of it and cultivated it for some three or four years.

Taking the date of the passage and recordation of the deed from William Ricks to Holmes, or July 3, 1903, as the beginning of the prescriptive period, we find the land in 1903 in the actual physical possession of purchasers under title translative of property whose good faith is presumed and in fact is not challenged.

They possessed as owners and in good faith under their title until February 5, 1908, when they sold back to Ricks under notarial act duly recorded.

That the possession of the land by Holmes was sufficient to start the prescription of ten years is not questioned.

They transferred the ownership and possession of the land to Ricks; Ricks in turn transferred the ownership and possession to Lawhorn on September 9, 1909, and Lawhorn to the defendant on March 17, 1910.

The record does not show affirmatively that either Ricks or Lawhorn or the defendant took corporeal possession of the land upon their respective purchases, but that was not necessary; they had civil possession, which was sufficient.

In the case of Wilcoxen vs. Rogers, 16 La. 10, the court said:

"Although Foster did not, perhaps, continue to have corporeal possession of the land after his purchase, he possessed it civilly animo domini and by virtue of a title sufficient to transfer the property."

Article 3442 of the Civil Code provides that:

"When a person has once acquired possession of a thing by the corporeal detention of it, the intention which he has of possessing suffices to preserve the possession in him, although he may have ceased to have the thing in actual custody, either himself or by others."

In the case of Miller vs. Albert Hanson Lumber Co., 130 La. 666, 58 South. 502, the court said:

"Possession once acquired may be preserved by the mere intention of the possessor."

Article 3443 of the Civil Code provides:

"This intention of retaining possession is always supposed, where a contrary intention does not appear decidedly; so that, although a person may have abandoned the cultivation of his estate, he shall not therefore be presumed to have abandoned the possession, but shall be presumed, on the contrary, to have the intention of retaining it, and shall retain it in fact."

And Article 3444 of the Civil Code provides:

"To retain the possession of a thing when a man once has it, it is not even necessary that he should have such positive intention; a negative intention suffices, that is, it suffices that the positive intention, which he had in acquiring the possession, shall not have been revoked by a contrary intention for, so long as this revocation does not take place, the possessor is supposed always to retain his first intention, unless a third person has usurped or taken from him the possession, or he has failed to exercise an actual possession for ten years."

There is no suggestion or intimation that any of the parties who held under Holmes did not intend to retain possession.

More than ten years elapsed between the date on which Holmes went into corporeal possession of this property as owner and in good faith under title translative of property and the date on which this suit was filed.

We, therefore, hold that defendant's title to the land in question is good.

On the other branch of the case, that is, with reference to the value of the timber which was cut and removed and the plaintiff's liability therefor, there is no dispute.

The plaintiff sold the timber on the land to the Mansfield Hardwood Lumber Company. That company cut and removed the timber, amounting in value to $1443.79. As plaintiff does not own the land it fol-

lows, of course, that it must reimburse defendant that amount.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.

ON APPLICATION FOR REHEARING

CARVER, J. Plaintiff's counsel earnestly urge that a rehearing should be granted herein. Many of the reasons advanced are the same as those disposed of in the opinion this day handed down in the case of Bodcaw Lumber Company of Louisiana vs. The Pardee Company. In that case the Bodcaw Lumber Company, vendor and warrantor, intervened to maintain its title. In this it is called in warranty, and the record does not show that plaintiff made any objection to the call in the lower court. On the trial, though, after plaintiff and defendant had both closed, the record shows as follows:

"The warrantors offer in evidence deed from E. B. Lassiter to Wm. Ricks, dated July 10, 1891, as recorded in Book 'CC', page 215, on October 21, 1891. Also offer in evidence.

"Objection. Counsel for plaintiff objects to all the testimony offered by the warrantor inasmuch as it affects the plaintiff as it is admitted by the defendant that no one is in possession of this property."

"Ruling. Objection is referred to the effect of the evidence; evidence admitted subject to objection; objection and ruling made general."

In this court plaintiff filed an exception that the warrantor had no cause of action or interest in the suit. In this pleading it alleged, in Article 1, that it had filed its suit alleging "that the property was wild land and in the possession of no one"; and, in Article 2, "that defendant answered admitting that the land was wild, vacant land, and in the possession of no one".

What the petition really alleged was as follows:

"(5)

"Your petitioner further represents that the said property is wild land; that nobody has been in the actual, physical possession thereof, and that it is · therefore entitled to have judgment adjudicating it to be the owner, under provision of Act 38 of 1908."

The answer of defendant admitted the allegations of Article 5.

## I.

Plaintiff's exception in this court that the warrantor's answer set forth no cause of action and that he had no interest in the suit is clearly without merit.

As to a cause of action, he was not propounding any but was defending against the plaintiff's demand. He had a clear interest in doing this, because if defendant's title was not good he was obliged by his warranty to refund the price he had received.

Act 38 of 1908 does not either give or deny to a defendant the right to call his warrantor to defend the suit, but if he has not the right his effort to do so should be challenged in the lower court and it is too late to do so on appeal.

It is true that when the warrantor offered evidence the plaintiff objected, but he did not do so on the ground that the call in warranty was not permissible but solely on the ground that defendant had admitted that no one was in possession of the property.

## II.

Plaintiff's counsel also urge that we have erred in construing defendant's admission as meaning only that no one is now in possession; that the words "has been" clearly relate to the past; and that what the allegation and admission really meant is that no one has ever been in possession; wherefore, no testimony of past possession was admissible.

Taking the most. technical view, there is certainly some difference between "has been" and "has ever been", and plaintiff, in contending for "has ever been" is going somewhat beyond the allegation as made and admitted.

In construing pleadings, though, as well as contracts and laws, the niceties of grammar are not of controlling importance.

We are satisfied, for the reasons stated in our original opinion, that defendant's admission does not go to the· extent claimed by plaintiff. From the objection to testimony above quoted that "it is admitted by the defendant that no one is in possession" and the allegations made in the pleadings filed by plaintiff in this court and above quoted, it would seem that plaintiff's counsel then regarded the · allegation in Article 5 of the petition and defendant's admission of its truth as amounting to what we have construed them to mean.

Counsel further urge that pleadings are to be construed most strongly against the pleader. This is probably correct, · as to pleadings where the language is selected by the pleader; but if the doctrine were applied in this case it would destroy itself. The plaintiff made the allegation and under the doctrine the pleading would have to be taken most strongly against it. The defendant merely admitted it and if by reason of his admission we are to take the admission of the ˙allegation most strongly against the admittor, we would be giving different meaning to the same words.

Counsel argue that as defendant has not shown any actual possession of the property for the ten years preceding the suit, Article 3444 of the Civil Code forbids indulgence of any presumption that it retains the intention to possess the property. They cite Albert Hanson Lumber Co. vs.

Riggs Cypress Co., 130 La. 772, 58 South. 567, as follows:

"The deadening of some timber in 1898, which was never removed, seems to be the only act of real possession performed by the Hanson Company. The extent of this possession is not shown with any degree of certainty; and the intent to retain possession is not presumed, where one 'has failed to exercise an actual possession for ten years'. C. C. 3444."

This contention is disposed of by the ruling in the case of Miller vs. Albert Hanson Lumber Co., 134 La. 231, 63 South. 883, in which the court says:

"Counsel for defendant cites Article 3444 of the Civil Code, under the title 'Of Possession', to the effect that the possessor is supposed to retain always his intention to retain possession, unless a third person has usurped or taken from him the possession, *or he has failed to exercise an actual possession for ten years.* (Italics ours.) This last clause has no application to cases of possession in good faith, under color of title, where such possession was corporeal in the beginning. Such a case is governed by Article 3478, *et seq.*, relative to the prescription of ten years.

"Even in the case of the prescription of thirty years, based on the corporeal possession of immovables, without title or good faith, it is provided that such possession may be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the property, as the keeping up of roads, and levees, the payment of taxes, and other similar acts. In Leonard vs. Garrett, 128 La. 534, 54 South. 984, this court held that civil possession follows possession by occupancy until ousted by adverse actual possession. It follows that the last clause of Article 3444 is not applicable to possession under a just title, where it has been preserved by external and private signs as provided in Article 3501. The last clause of Article 3444· may find its application in cases where possessors, without color of title, have not preserved their possession as provided in Article 3501.

"The case of Albert Hanson Lumber Co., 130 La. 772, 58 South. 567, was a posses-sory action, in which the plaintiff failed to show actual possession."

Rehearing refused.