## BLANCHARD et al. v. MARTEL et al.
### No. 1081.

Court of Appeal of Louisiana. First Circuit.

March 7, 1933.

J. Sully Martel, of Franklin, for appellants.

C. A. Blanchard, of Morgan City, for appellees.

ELLIOTT, Judge.

C. A. Blanchard, J. R. Fisher, and Howard R. Fleury allege ownership in themselves by recorded title of 240 acres of land described as the N. E. ¼ and N. ½ of the N. W. ¼ of section 32, T. 15, S. R. 9, situated in the parish of St. Mary and in the southwestern land district of Louisiana, by chain of title, which they partly set out in their petition.

That J. Sully Martel, Martha Taylor Caffery, widow of Donaldson Caffery, Marcie Caffery, wife of Marcel A. Gillis, Katherine Caffery, wife of R. A. Baker, Bertha Caffery, wife of P. L. McCay, Donaldson Caffery, Jr., Mary Louise Caffery, wife of Lloyd Addison Ellis, Emma Caffery, St. John Laddell Caffery, John Taylor Caffery, a minor of whom his mother Martha Taylor Caffery is natural tutrix, Pete Cherry, E. M. Stafford, Maurice Feitel, G. B. Pecot, Joseph Patterson, Dr. C. C. DeGravelles, Wm. T. Landus, L. O. Pecot, Dave Thomas, and H. M. Kelso, Jr., are illegally claiming an adverse title thereto, and they pray that said parties be brought into court for the purpose of asserting whatever claim of title they or either or any of them may have to said land, with the view that their said muniments of title may be canceled.

The plaintiff alleges that said property is wild marsh land not subject to actual corporeal possession; that neither the petitioners nor any of the defendants have been in the actual corporeal physical possession thereof, etc.

H. M. Kelso, Jr., an absentee, came into court through his curator ad hoc and answered, denying plaintiffs' averments but did not set up recorded title in himself.

Wm. T. Landus and Dr. C. C. DeGravelles made no appearance.

By answer filed July 8, 1930, J. Sully Martel appeared and answered for himself "and associates and co-owners, all of whom are enumerated in plaintiffs' petition." This an-

swer denies the alleged ownership and title of the plaintiffs. They admit that they are the owners, but do not plead that they are such by recorded title. They deny that the land is wild marsh land, not subject to actual corporeal possession, and further deny that neither the plaintiffs nor themselves have been in the actual corporeal possession of said property. They allege that they are the owners and as such in possession of said property for nearly thirty years; that said land was surveyed and located, but they do not say when; that it has been trapped by lessees of said owners ever since, and therefore the aforesaid defendants, as co-owners, have been in actual possession of the same; that they are trapping said lands for a period of more than five years; that plaintiffs are not authorized to stand in judgment and their demand should be dismissed; that C. A. Blanchard is a practicing attorney and member of the bar; that his purchase is litigious and therefore null and void. They reserve the right to answer further if the case requires it. This answer does not name the associates and co-owners of Mr. Martel, but says that "all of whom are enumerated in plaintiffs petition."

By answer filed July 11, 1930, Pete Cherry, E. M. Stafford, Maurice Feitel, G. B. Pecot, Joseph Patterson, L. O. Pecot, and Dave Thomas filed an answer through L. O. Pecot, attorney, and denied plaintiffs' alleged title.

They disclaimed title in themselves, but set up that G. B. Pecot had leased said land from J. S. Martel. Pete Cherry, Maurice Feitel, E. M. Stafford, and Donaldson Caffery, who were the owners thereof. That G. B. Pecot took actual possession thereof for trapping purposes four or five years previous to the suit; that he subsequently subleased same to Joseph E. Patterson, who in turn assigned his rights under the lease to William T. Landus and Dr. C. C. DeGravelles.

They allege that J. S. Martel, Pete Cherry, Maurice Feitel, E. M. Stafford, and Donaldson Caffery are the owners of the land, and pray that they themselves be dismissed from the suit.

By appearance filed October 15, 1930, through F. R. Richardson, attorney, Mrs. Martha Taylor Caffery, widow of Donaldson Caffery, Marcie Caffery, wife of Marcel A. Gillis, Katherine Caffery, wife of R. A. Baker, Bertha Caffery, wife of P. L. McCay, Donaldson Caffery, Jr., Marie Louise Caffery, wife of Lloyd Addison Ellis, Emma Caffery and St. John Laddell Caffery alleged that the interest of the minor John Taylor Caffery in the land had been previously transferred to his mother, Mrs. Martha Taylor Caffery; that subsequently thereto they had transferred their interest in the land to "Caffery Interests," a corporation organized under the laws of this state; that having transferred their interest as stated they disclaimed title, pray-

ed that their disclaimer be recognized, and that they be dismissed from the suit.

The lower court recognized J. Sully Martel as appearing for himself and as attorney for Pete Cherry, Maurice Feitel, and E. M. Stafford.

The case was tried contradictorily with these four defendants and resulted in a judgment in favor of the plaintiffs.

The lower court recognized in the judgment that Mrs. Martha Taylor Caffery, Marcie Caffery, Katherine Caffery, Bertha Caffery, Donaldson Caffery, Jr., Mary Louise Caffery, Emma Caffery, St. John Ladell Caffery, G. B. Pecot, Joseph Patterson, L. O. Pecot, and Dave Thomas had disclaimed title and no judgment was rendered against them, but judgment was rendered in favor of the plaintiffs and against J. Sully Martel, Pete Cherry, E. M. Stafford and Maurice Feitel, recognized plaintiffs as the owners of the land and ordering them placed in possession.

The four last named defendants have appealed.

It is well to say before going any further that "Caffery Interests," said by the Caffery family to own the interest formerly owned by Donaldson Caffery, is not a party to the suit and that no judgment by default was entered up or confirmed against William T. Landus and Dr. C. C. DeGravelles.

The suit on the part of the plaintiffs is an action to establish title to real estate bought under the provisions of Act No. 38 of 1908. This statute provides an action to clear up title to real estate when the same land is claimed by different parties under conflicting recorded title, none of whom have actual possession.

J. Sully Martel, Pete Cherry, E. M. Stafford, and Maurice Feitel do not set up any recorded title in themselves, but they deny plaintiffs' title and set up ownership and actual possession in themselves. In support of their alleged possession, they offered evidence showing that they had executed leases of the land in favor of trappers who had trapped the land, and their contention is that actual possession was taken by them as a result of the trapping and that actual possession existing in them defeats plaintiffs' action under the act mentioned.

On the subject of possession the provisions of Act No. 38 of 1908 on that subject have been considered by the Supreme Court in a number of cases (see the City of Baltimore v. Lutcher, 135 La. 873, 66 So. 253 and Fortner's Heirs v. Good Pine Lumber Co. (Mrs. M. E. Ezell, Intervener), 146 La. 11, 83 So. 319), and by the Courts of Appeal in Bodcaw Lumber Co. v. Pardee Co., 3 La. App. 162, and Scholtz v. Keller, 7 La. App. 575.

In the case of Blanchard v. Estate of Garland, 6 La. App. 509, the possession of wild marsh land not fenced, the lines of which

were not marked and on which no permanent buildings had been erected, was considered, and a number of decisions of the Supreme Court bearing on the possession of low swamp and marsh land was cited. The land involved in the present suit seems to be the same kind as that involved in the case entitled Blanchard v. Estate of Garland.

The land involved in the present case is low wet marsh land, not susceptible of cultivation nor permanent habitation. No permanent buildings have ever been erected on it.

The defendants claim that they had a surveyor go on the land, run a line around it, and erect poles at the corners, but there are now no vestiges of boundary lines. The evidence about this survey shows that it was made ex parte and certainly not in the manner and form provided by the Civil Code, arts. 832, 833, 834, 838; Revised Statutes, §§ 3743, 3745. No procès verbal of any survey was produced nor the absence of any accounted for.

The evidence shows that defendants executed leases for 4 or 5 years preceding the institution of this suit in favor of parties named in the testimony. That these parties went on the land and trapped it during the trapping season, but as soon as the trapping season was over, which lasted 3 or 4 monhts, the trappers left until next season, when they returned and trapped it again.

The lower court remarked that these lessees found it well to get on the land first, their leases notwithstanding; that the first man on the land would likely trap it.

In such a situation defendants cannot be said to have actual possession. It seems to us that the plaintiffs properly brought an action against the defendants under Act No. 38 of 1908.

The defendants set out that C. A. Blanchard, one of plaintiffs, is a member of the bar and that his purchase of an interest in the land was litigious. The law on the subject of litigious rights is found in the Civil Code, arts. 2447, 3556, subd. 18, 2653, 2654, and 2652.

The title which Mr. Blanchard acquired an interest in is the foundation of this suit, but there is no evidence that tends to establish that his purchase was litigious, such as the law strikes with nullity.

■ The defendants do not set up an adverse recorded title, but they were permitted on the trial to offer the chain of title under which they claim to be owners and under which they claim to have possession. The title chain under which they claim shows that their title originates with a dual assessment of the land for taxes during the year 1899.

The land was assessed during that year to C. G. A. Kjellstrand, also to C. G. A. Ryall-

draind. It is likely that the tax debtor was one and the same party, but there is no evidence that such was the case. But be that as it may, the taxes under one assessment are shown to have been paid for the year in question and the plaintiffs deraign title from that party. The property was sold for taxes under the other assessment and the defendants deraign from the so-called tax title thus made.

As the property was duly assessed, the payment pursuant to the one under which the plaintiff claims discharged the tax due on the property and the subsequent tax sale under the other was null and void.

The judgment of the lower court in favor of the plaintiffs against the four parties named is correct.

Judgment affirmed.

Defendants and appellants to pay the cost in both courts.