No. 2929

**Second Circuit**
(Second Division)

COHN v. WARDLAW ET AL.

(April 9, 1931.   Opinion and Decree.)

Rusca & Cunningham and Cunningham & Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

C. H. McCain, of Colfax, attorney for defendants, appellees.

TALIAFERRO, J. Plaintiff, alleging himself to be the owner of a tract of land containing 20 acres, described in his petition, brings this suit against the defendants, who, he claims, have disturbed his real and actual possession, to have that possession restored to him and he be quieted therein.

He contends that his possession extends back to August, 1922; that defendants disturbed his possession within a month prior to the filing of this suit by "breaking open the gate and by placing a tenant in the dwelling and attempting to plow the land."

Defendants assert that they are in the actual possession of said land as owners, and that they and their authors in title have had "continuous, uninterrupted and full possession of said property"; that plaintiff has not had the possession of the land, and is therefore not entitled to bring this possessory action.

The plaintiff purchased the property in question at tax sale in August, 1922, under assessment in the name of Manda Coutee, and bases his claim of ownership upon that instrument. At the date of this tax deed, in fact for the years 1922, 1923 and 1924, this land was in possession of Frank Rachal as tenant of Manda Coutee, and she collected rents for each of said years. The place was not cultivated during the year 1925, and the residence thereon does not appear to have been occupied.

Plaintiff admits, when interrogated as a witness, that he made no effort to possess, nor collect rents from, the property for the years 1922, 1923 and 1924. He is not certain that he has been possessed with it since the tax sale to him. He did, however, engage J. G. De Louche, who lived adjacent to the land, to look after it and to "notice" it after Rachal moved away in the fall of 1924. De Louche testified that he "nailed up the house and shut the gate and tied it with a wire," but beyond this plaintiff seems not to have exercised any visible acts of ownership or possession of the property.

Manda Coutee had the physical corporeal possession of the land, through tenants, until the latter part of the year 1924, and plaintiff is not in a position to maintain a possessory action against those holding under her unless he can show clearly that his possession was sufficient to, and did actually, supersede hers. She sold the land to C. E. Jowers in March, 1925, and he, with others, went upon and inspected the premises at the time of purchase. The doors were found not to be locked or nailed, and the gates were open. Jowers locked the house, closed the gates, and engaged Victor Vercher, who lived near the place, to look after it for him.

None of the witnesses knew that De Louche was representing plaintiff with regard to the possession of the place. Evidently he kept his stewardship to himself. The most that can be said of his activities as overseer for plaintiff is that he nailed up the door of the house and tied the gate.

Jowers sold the land to defendants in the fall of 1925. They immediately went into actual possession of same, made arrangements to plant some of it in alfalfa hay, and otherwise exercised their rights as owners.

"The actual possessor, when he proves that he has formerly been in possession, shall be presumed also to have been in possession in the intermediate time." Civ. Code, art. 3492.

"When a person has once acquired possession of a thing by the corporal detention of it, the intention which he has of possessing suffices to preserve the possession in him, although he may have ceased to have the thing in actual custody, either himself or by others." Civ. Code, art. 3442.

"* * * Although a person may have abandoned the cultivation of his estate, he shall not therefore be presumed to have abandoned the possession, but shall be presumed on the contrary to have the intention of retaining it, and shall retain it in fact." Civ. Code, art. 3443. See Miller v. Lumber Co., 130 La. 662, 58 So. 502; Pardee Co. v. Bodcaw Lumber Co., 3 La. App. 169.

The possession of Manda Coutee continued to embrace this small tract of land after she had in fact ceased actually to cultivate it, and this possession was passed on to her vendee and by him to defendants, who experienced no difficulty in assuming possession and control thereof.

The simple act of De Louche in nailing up the house and tieing the gates did not effect such possession of the entire premises as to oust that which Mrs. Coutee had at the time and transmitted to her vendees.

The lower court rejected plaintiff's demand and dismissed his suit, and, after a careful reading of the record, we concur in this judgment, and same is hereby affirmed.