No. 493

First Circuit

## PLANTIAGO v. SNELL

(June 28, 1929.  Opinion and Decree.)
(October 10, 1929.  Rehearing Refused.)

B. M. Harvard, of Hammond, attorney for plaintiff, appellee.

Ellis, Ellis & Ellis, of Amite, attorneys for defendant, appellant.

ELLIOTT, J.  Joe Plantiago claims of O. C. Snell damages amounting in the aggregate to $1,225, growing out of and caused by the act of said Snell in closing a road to the free use of which Plantiago was en-

titled. The right of Plantiago to the road was recognized by the judgment of the district court.

In the judgment of the district court it was held that said Snell had no right to close the road or restrict the use of it against said Plantiago as he had done, and which the evidence shows he maintained against him for more than a year.

The defendant admits closing the road and keeping it closed for the time mentioned, but contends that he had the right to do it, under certain judgments of the district court. He admits that the district judge has since decided that he had no such right. He denies that plaintiff was damaged to the extent claimed. He urges other defenses, but the only question in the case is the amount of damage that the plaintiff has sustained by the act of the defendant.

The district judge allowed the plaintiff $200.

The defendant has appealed.

The plaintiff, in answering the appeal, prays that the amount be increased to $1,225 as claimed in his petition.

The evidence shows that plaintiff has been seriously damaged in various ways. We do not see how defendant, in view of the title from C. E. Cate, under which he claims, plainly reserving this right of passage for a road, could have believed that he had the right to close it and keep it closed against the plaintiff as he did.

The plaintiff is a strawberry grower and farmer, and the road in question is the only outlet from his dwelling and farm to the public road. Several months of the time during which defendant kept the road closed, and before the plaintiff was able to acquire a temporary right of passage from another party, he was put to great inconvenience and annoyance. He had to carry on his back for some distance the provisions for his family. He was forced to carry strawberry plants on his back, necessary in his farming operations, for some distance across the fields of others. There was no way to get to his residence and farm for several months except by walking and going through the yards and fields of other people. He finally secured a right of way from others at a cost of $80, but the use of it required him to open and close three or four gates going and coming each time he used it.

We do not think that $200 allowed by the district court is sufficient.

The evidence shows that plaintiff sustained a loss on account of being unable to reach his farm with a wagon, of at least $200 in shortage of crops. He was compelled to pay $80 to another person for the right to pass through his fields and yard with his wagon, in order to carry heavy articles back and forth from his dwelling and farm to market.

The defendant destroyed a bridge which the plaintiff had built on the road, and the bridge will have to be replaced before the road can be again used. He suffered great inconvenience and physical hardship on account of defendant's conduct, and on that account, and to restore the bridge, we think $200 a very reasonable recompense. We have decided to increase the amount allowed by the lower court to $480, and, as thus amended and corrected, the judgment appealed from will be affirmed.

It is therefore ordered, adjudged, and decreed that the $200 allowed by the judgment of the lower court be increased to $480, and, as thus amended, the judgment appealed from is affirmed.

Defendant and appellant to pay the cost in both courts.