·19. So.2d 124

**SOILEAU v. SOILEAU.**

No. 37303.

June 26, 1944.

Atlee P. Steckler and C. W. Berry, Jr., both. of Ville Platte, for plaintiff-appellant.

E. Herman Guillory, of Ville Platte, for defendant-appellee..

ROGERS, Justice.

Mrs. Ada M. Soileau brought suit against Simon Soileau for trespass and for damages. The alleged trespass consisted of the use by defendant of certain canals to irrigate his rice crops. Defendant filed an exception of no right or cause of action which was referred to the merits. When the case was called for trial, defendant objected to the offer of any evidence by plaintiff on the ground that in plaintiff's deed, which was a public record, the use of the canals for irrigation purposes was. specifically reserved. This objection was also referred to the merits. At the conclusion of the trial, defendant filed a plea of estoppel based on the ground that the reservation in the deeds whereby plaintiff and defendant. acquired their respective properties had been made at plaintiff's. insistence and request and that defendant having acted on the reservations, plaintiff was estopped to contest their legality.

Mrs. Ada M. Soileau, plaintiff, and Simon Soileau, defendant, were formerly joint administrators of the Succession of Felecien Soileau, who was the husband of

plaintiff and the father of defendant by a prior marriage.

It appears from the evidence introduced on the trial of the case that the Succession of Felecien Soileau owned two tracts of land, one containing 234.42 acres and the other containing 111.53 acres. It also appears that Felecien Soileau constructed a system of canals to irrigate the tracts for the growing of rice as the crop for which the lands are best adapted.

The tracts of land, together with other property, were ordered sold to pay the debts of the succession. At this sale, which was provoked by plaintiff and defendant as joint administrators, plaintiff became the purchaser of the tract of land containing 111.53 acres and defendant became the purchaser of the tract of land containing 234.42 acres. The evidence shows that on the day of the sale and prior thereto both plaintiff and defendant requested the attorney, representing the succession and the joint administrators and who acted as the auctioneer, to announce to the prospective purchasers and bystanders that the tracts would be sold subject to a reservation of all the canals rights of ways presently across the property for rice irrigation purposes. This announcement was made by the attorney acting as auctioneer in both French and English so · that every one present might fully understand the terms of the reservation. Pursuant to the joint request of plaintiff and defendant and the announcement made at the time of the sale, the following reservation was placed in the proces verbal of the sale and signed by both plaintiff and defendant as joint administrators, to-wit: "This property is sold subject to the reservation of canals rights of way presently across said property in favor of deep water well on Felecien Soileau Estate property and bayou, for rice irrigation purposes."

It is plaintiff's contention that the reservation is a nullity for the reason that it was placed by the administrators in the deeds executed by them without having previously secured an order of court. Plaintiff argues that the reservation constitutes a burden upon the lands in the form of a servitude which the administrators were not authorized to establish either by law or by the order of court. Plaintiff further argues that if the reservation should be upheld the servitude should be maintained only in favor of the deep water well on the Felecien Soileau estate.

The evidence shows that practically all the irrigation canals are located on the larger tract of land purchased by defendant and run from that point along a dirt and gravel public road to the southeast corner of the smaller tract of land. purchased by the plaintiff at which point the canal cuts the extreme southeast corner of plaintiff's land for a distance of approximately 50 feet and runs thence across the Mamou-Oberlin road in a southerly direction to another tract of land containing 80 acres owned by the defendant.

It appears that the primary object of plaintiff was to prevent defendant from running the water from his tract of land through this canal along the public road which served as a drainage ditch for the

road and which is located outside the fence line of plaintiff's property.

The judge of the district court, in a lengthy opinion, held that plaintiff, as co-owner of the land sold, was estopped from denying the legality of the reservation clause in her deed and that the tract of land purchased by plaintiff was sold subject to the reservation of canals rights of way thereon for use by defendant for rice irrigation purposes, and that the tract of land purchased by defendant was sold subject to the reservation of canals rights of way thereon for use of plaintiff for rice irrigation purposes. The judge, accordingly, dismissed plaintiff's suit and plaintiff is appealing from the judgment.

It was stated in oral argument by defendant's attorney, and the statement also appears in the brief filed by him on behalf of defendant, that after the judgment of the district court was rendered, plaintiff "took the law into her own hands" and proceeded to plow up and fill in that portion of the irrigation canal and ditch which ran for a distance of approximately 50 feet on her property to the 80-acre tract of land owned by the defendant; that the defendant instead of availing himself of his legal rights under the judgment rendered in his favor to use that portion of the canal, dug a new canal along this public road from the point where the canal enters plaintiff's tract of land to the Mamou-Oberlin gravel road, and thence across the gravel road to his other tract lying south of the road. In view of these circumstances, it is suggested on behalf of defendant that the question of his legal right

to use the canal which actually ran across plaintiff's property has become a moot question as the result of her destruction of the canal, and that consequently the only question before the court for decision arises on the right of the defendant to use the irrigation canal or ditch along the public road which is located wholly outside the fence on plaintiff's property.

It is not seriously disputed that the reservation of the use for irrigation purposes of the canals located on the lands sold in the Succession of Felecien Soileau was, at plaintiff's request concurred in by defendant, announced prior to the sale and thereafter embodied in the deeds which were signed by plaintiff.

At the time the administrators' sale took place, plaintiff was the owner of a tract of land comprising the home place which contained a deep water well that was used for irrigation purposes by Felecien Soileau, her deceased husband. This tract of land is situated immediately east of and across the road from the 111.53-acre tract which plaintiff purchased at the succession sale. It is clear from the evidence that plaintiff was vitally interested in reserving the use of the canals along the public road and across the 111.53-acre tract so that in the event a third person became the purchaser of the tract, plaintiff would have the use of the canals for the purpose of irrigating her other rice lands by the water from her well. On the other hand, it is clear from the evidence that defendant was vitally interested in having the reservation inserted in the deeds so that he might have the use of the canals for the purpose of

irrigating other lands owned by him. Defendant also insists that in the absence of the reservation he would not have become the purchaser of the 234.42-acre tract of land at the succession sale, since the use of the tract for the growing of rice would be practically destroyed if the owner was not permitted to use the canals to irrigate the property. In view of these circumstances, irrespective of whether the reservation was proper or improper at the time it was agreed upon, plaintiff ought not and cannot be permitted to repudiate the agreement upon the faith of which both plaintiff and defendant have acted. But since the canal which formerly ran across plaintiff's 111.53 acre tract of land for a distance of approximately 50 feet was destroyed by plaintiff after the judgment was rendered and the appeal was taken, and since defendant has dug another canal to take its place in the irrigation system which serves his lands, thereby acquiescing in plaintiff's action, the effect of the reservation as to that particular canal is not important.

■■ The remaining question presented for decision is the one which arose between the parties during the trial of the case, that is whether the road, along which the irrigation canal plaintiff complains defendant was using, is a public or private road. On this phase of the controversy the evidence is overwhelming that the road which runs from the Mamou-Oberlin highway in a northerly direction has been opened to and used by the public for more than forty years and that it has been maintained as a public road by the police jury of Evangeline Parish for approximately twenty years.

The police jury caused the canal in dispute to be dug and graded to serve as a drainage ditch for the road. Felecien Soileau, the former owner of the lands through which the road passes, never objected to the police jury improving and working the road, but on the contrary, requested the police jury and highway commission to gravel the road which was done after Soileau had moved his fence so as to widen the road for that purpose. This fence which is located outside the right of way of the road, as shown by the testimony, has been in existence for a period exceeding thirty years.

Act 220 of 1914, amending and re-enacting section 3368 of the Revised Statutes, provides, among other things, that all roads in this State, which have been, or shall hereafter be kept up, maintained or worked for a period of three years by authority of the police juries in their respective parishes, shall be public roads.

In Frierson v. Police Jury, 160 La. 957, 107 So. 709, it was held that under the statute a road, which was maintained as a public road by the police jury and worked for three years from time to time by road gangs employed by the police jury and at times by prisoners under the authority of the police jury, became a public road by tacit dedication. The Frierson case was cited with approval and affirmed in the case of Powell v. Porter, 172 La. 681, 135 So. 24. The only argument that is made in support of plaintiff's contention that the road is a private road is based on the testimony of M. J. Goudeau, an engineer and surveyor who was employed by plain-

tiff to survey the tract. Mr. Goudeau testified that he found the road to be outside the fence line of the 111.53-acre tract purchased by plaintiff, but that if the fence was built on the actual property line, it would be located in the center of the road. Obviously, the argument, which involves a collateral attack on the character of the road in a suit between private parties, cannot prevail.

For the reasons assigned, the judgment appealed from is affirmed.

PONDER, J., takes no part.

19 So.2d 127
**WOMACK v. BURKA,**
No. 37326.
June 26, 1944.

Yarrut & Fishman, of New Orleans, for appellant-applicant.

Gerald Netter, of New Orleans, for appellee-respondent.

O'NIELL, Chief Justice.

The amount of money in contest here is only $70, but the question of law on which the contest depends is of great importance.