This is a case to have a certain road declared a public road and asking that a preliminary injunction be issued to prohibit the defendant Gautreaux from interfering with the Police Jury or its employees in working or in any manner keeping up or maintaining the said road.
The defendant filed an exception of vagueness and indefiniteness to the original petition on the grounds that the original petition did not set forth the dates or *Page 680 
period of time or by whom and under what person's authority the road was worked by the Police Jury, whereupon the Plaintiff filed a supplemental petition amending the original and setting forth the allegations requested by the exception. Thereupon, the defendant filed an answer which amounts to a general denial of all the allegations contained in the plaintiff's petition.
The plaintiff alleges that he is the owner of a certain piece or parcel of land in Section 87, Township 12, South Range 6 East in the southwestern district of Louisiana upon which he farms, raising cane and other crops, and that the road in question leads from the property belonging to Aymar Broussard south to a gravel road, and that he uses said road for the purpose of hauling his crops to market and other general uses customary on a farm; further, that the said road is a public road, and he annexes and makes part of his petition a deed signed by Mrs. Elizabeth Leleu, dated March 26, 1885, which was recorded on March 16, 1888, in the conveyance records of Iberia Parish. The deed does not describe the property but in lieu of the description shows a map which shows the road as running in a southeasterly direction from the lands of Broussard on the eastern boundary of vendor's land, who was the author in title of the land now belonging to the defendant. There are no distances shown on the map as to the width or length of the road sought to be dedicated by the said deed, which specifically dedicates the property shown on the map for public road purposes and sells and transfers to the parish of Iberia for the purposes mentioned all rights and titles. The plaintiff further alleges that the Police Jury of Iberia Parish has, from time to time, improved the road by grading it, placing some gravel thereon, and in general working and maintaining the said road for a period in excess of three years.
The defendant in his answer alleges on the contrary that the deed of dedication is too vague and indefinite to constitute a sale to the parish or a dedication of the property as a public road, and that he made the road and has maintained the road over a period of years as a private road on his property which he uses as a turn-row, but admits that he permits the usage of the road by his neighbors and the public for the convenience of his neighbors; further, that if it should be found that the deed as recorded is sufficient, it appears there is no acceptance of the property in question by the Police Jury or any of its representatives or, as a matter of fact, by anyone.
After the trial of the case, judgment was rendered in favor of the plaintiff, recognizing the road in question as being a public road but denying the injunction on the ground that it was not proved by the evidence that the defendant had or indicated that he would prohibit the members of the Police Jury from maintaining the road.
An application for rehearing was filed which was overruled for written reasons assigned.
Defendant has appealed from the judgment of the District Court.
The plaintiff filed a plat or map made by John M. Rochel, Civil Engineer, with his petition which he made a part thereof and to which the defendant objected on the ground that the map was not proved nor was the engineer who made the map present for cross examination. This objection was overruled and the map was considered by the court along with the oral testimony of the witnesses for the plaintiff. The defendant also objected to the consideration by the court of the deed filed as part of the petition of the plaintiff on the ground that it was not introduced during the trial as evidence and, therefore, could not be considered by the Judge. This objection was overruled by the Court which cited as its authorities Peters v. Crawford, La. App., 185 So. 716; Feazel v. Peek, 189 La. 61, 179 So. 35. It appears to be clear from the authorities that public documents of this nature which are made part of the petition need not be formally introduced in evidence but are a part of the pleadings and of the record and must be considered by the Court for the purpose for which they are introduced.
The questions in the case are: (1) Is there a sufficient compliance with the law to establish the road in question as being a public road, and (2) should an injunction *Page 681 
be issued prohibiting the defendant from interfering with the Police Jury or its employees from further working or maintaining said road.
First, we have the deed by Elizabeth Leleu transferring to the Parish of Iberia "with the understanding that the same is to be used specifically for public road purposes," and, while there is no particular description in this deed of dedication, it is described therein in the following manner:

The lands adjoining the tract owned by Mrs. Leleu, the author in title to the defendant, correspond with the evidence brought out by the testimony of the witnesses who identified the road in question as being the road in contest in this suit. There is no doubt that the property transferred to the Parish for public road purposes as shown by the map used as a description in the original deed by Mrs. Leleu is the same road involved in the present suit. It is true that there does not appear to be any formal acceptance by the Police Jury of this road, however, none is necessary as the acceptance can be tacit.
In the present case, the evidence shows that this road had been open for 60 years and was used by those living in the neighborhood and anyone else who wished to travel it. It was also maintained, we might say regularly, as a public road during the term of Mr. Rufus McIlhenny as a member of the Police Jury for the Parish of Iberia. While there was some testimony that there was a gate across this road at the northern end, we agree with the District Court that this, of itself, would not change the road from a public to a private road and is only "an affair between the Police Jury and the members of the public who choose to use the road." Therefore, the testimony in this case and the law which is stated in the case of City of New Orleans v. Carrollton Land Company,131 La. 1092, 60 So. 695, 696, that: "A formal acceptance on the part of the public of property dedicated to the public use is not necessary, or even practicable," shows the dedication of the strip of land by Elizabeth Leleu for public road purposes, and it being the same road as the one involved in this suit, to be a valid and binding dedication for the purposes expressed in said deed. See also Brasseaux v. Ducote, La. App., 6 So.2d 769; Cook v. City of Opelousas and Fenelon v. City of Opelousas and Lewis v. City of Opelousas, 4 La. App. 300.
Revised Statute No. 3368 as amended by Act 220 of 1914 provides an additional method by which property may become a public road. Specifically it says:
"All roads in this State that have been opened, laid out or appointed by virtue of any act of the Legislature heretofore made, or by virtue of an order of the Police Juries in their respective parishes, or which have been, or shall hereafter bekept up, maintained or worked for a period of three years byauthority of the Police Juries in their respective parishes,are hereby declared to be public roads." (Italics ours)
A review of the testimony convince us that the road in question has been worked and maintained by the members of the Police Jury for the ward in which it is situated for a period of years in excess of the three years required by the Act. The defendant himself testified that the road was there when he bought the place some 30 years age; that it has been used by his neighbors and by the public during this period. He also testified that he has requested "all the members of the Police Jury. When I needed them I asked them to come and work this piece of road for me." He further testified that this practice had been going on for a number of years and that the road was worked by employees of the Police Jury at least once or twice a year.
Mr. Cedotal, a neighbor of the defendant and owner of the property on the eastern side of the road testified that he has lived on this property all of his life and *Page 682 
that to his own knowledge the road had been used as a public road for a period of 60 years. The neighbors testified generally that the road has been used by them and, as far as they know, by the public generally, and that there is no barrier or fence at the south end of the road where it leads into the gravel road, nor has there been any attempt by anyone to deny the public nature of the road in question.
The defendant's son testified that while he was an employee of the Police Jury he worked the road with equipment belonging to the Police Jury but does not state the period of time that elapsed from the time he first worked the road until the time he last worked it, but he does establish the fact that as an employee of the Police Jury he used their equipment and worked the road.
The testimony of the witnesses establishes convincingly that employees of the Police Jury have worked the road. The defendant contends that it is the practice of the Police Jury members, and has been for a number of years, to work private property and to assist farmers of that community in any way they could to facilitate their marketing of farm products. This practice is generally admitted, however, it is of negative probity. The jurisprudence of this State is clear and unmistakable that if the owner of property permits any of his land to be worked as a road by the Police Jury for a period of three years, he tacitly dedicates that portion of his property to public use as a public road, even though the fee simple remains in him. This question was raised in the case of Soileau v. Soileau, 206 La. 243, 19 So.2d 124, 126. The court held that the owner of the land "never objected to the police jury improving or working the road, but on the contrary,requested the police jury and highway commission to gravel the road," and held that the property in question became dedicated as a public road. We also find the case of Frierson v. Police Jury, 160 La. 957, 107 So. 709, which is quoted and approved in all later cases, that a road which is worked by employees of the Police Jury or even by prisoners at the behest of the Police Jury for a period of three years becomes a public road or dedication, and that it is not necessary that the property owner actually dedicate the road but that his mere inaction of allowing the road to be worked is sufficient.
There seems no doubt that this is true in this case. The preponderance of testimony shows that employees of the Police Jury of Iberia Parish used Police Jury machinery and actually worked this road for a period in excess of ten years. Hence, it has become a public road for this reason. The question of whether or not the title and fee simple remains in the owner of the property need not be decided in this case as the plaintiff does not ask that the Police Jury be recognized as the actual owner of the property. The defendant recognized that the road was there when he bought the property and that it was being used by others and himself without objection, and without objection from his author in title. An examination of the conveyance records would have shown him that his author in title at least attempted to dedicate this eastern portion of the land for public road purposes, and the fact that a reservation was not made in his deed does not establish the fact that there is no dedication for public purposes.
The evidence shows without doubt that there is a road as alleged by the plaintiff. There is nothing in the documents or in the testimony of any of the witnesses which establishes the length of the road or its width. However, it is obvious that the physical features of the property will clearly show that part of the defendant's tract which has, over a period of years, been used as a roadway. It is apparent that the road extends from the property of Aymar Broussard, who bounds the defendant on the north, to the gravel road on the south of defendant's property. The width should be clearly shown by the physical character of the road for the reason that, according to the defendant's testimony, he plowed to the road over a period of years and used it as a turn-row.
For this reason, we are of the opinion that it should be recognized that a public road exists as described by the plaintiff, a sufficient width to permit the free passage of vehicles and pedestrians, from the property of Aymar Broussard to the gravel *Page 683 
road on the south. The learned Judge of the District Court was also correct in denying the injunctive relief sought herein for the reasons stated.
It is therefore ordered that the judgment of the District Court be affirmed at the cost of the defendant.