This is a suit to have a certain road in the Parish of Tangipahoa declared a public road and for the necessary orders to prohibit the defendant from closing the road and for damages and attorney's fees.
Plaintiff alleged that the road is an ancient public road and has been graded by the Police Jury for many years, and is the only means of ingress and egress to his property; that the defendant has dammed ditches along the road, causing it to overflow and has threatened to fence it. He further alleged that he has suffered damages *Page 380 
from mental anguish, inconvenience and suffering occasioned by the defendant in the amount of $500, and $200 in attorney's fees. Plaintiff has asked that the property in question be declared a public road and that a mandatory injunction issue to compel the defendant to remove all dams and other obstructions which impede the natural flow of the water. He further prayed that defendant be enjoined from interfering with plaintiff's peaceful use of the road and for damages as set out above.
Defendant, in answer to plaintiff's petition, admitted that he is the owner of the tract of land involved but denied that a public road presently exists across the property, alleging that the "old Kohnke Hill Road" (the road in question) was abandoned over 27 years ago, and that in its place a new "Kohnke Hill Gravel Road" was constructed. He denied that the Police Jury has graded or worked any road through his property but that, on the contrary, plaintiff has been "crossing the land of respondent" with his permission and that he has demanded of plaintiff to cease using "the said right of way", offering to give to plaintiff without cost a right of way along the west line of his property.
In further answering, respondent pointed out that the "right of way" which has been used by plaintiff cuts his land in two parts, and that should he cultivate his entire property it would necessitate a double line of fences along the sides of the road with continuing expenses of upkeep and inconvenience. Defendant contended that if plaintiff is entitled to a right of way across his lands, it should be on the western boundary where he has offered to donate a right of way; but, in the alternative, should the Court decide that plaintiff is entitled to the present right of way, then, in that event, defendant should be allowed damages in the amount of $200 for the land actually used, and $2500 for damages to his remaining property and for annoyance, inconvenience and expenses occasioned thereby. Defendant prayed that the demand be rejected at plaintiff's cost or that, should the Court find that plaintiff is entitled to a right of way, that the location should be along the west line of defendant's property where he has offered and is willing to donate a right of way, and as another alternative, should the Court find that plaintiff is entitled to the present right of way, he should be given damages as set out above.
After trial on the merits, there was judgment in favor of the plaintiff recognizing the road as a public road, and a mandatory injunction issued to compel defendant to remove dams that impede the natural flow of water and enjoining and restraining defendant from interfering with plaintiff's peaceful use of the public road at defendant's cost. The demand of damages for both plaintiff and defendant was rejected.
Defendant has appealed suspensively and plaintiff has answered the appeal, claiming damages in the amount of $50 for gravel washed off the road by action of the appellant, $200 for attorney fees, and $500 for damages, annoyances, inconvenience and mental anguish and suffering.
The first question to be decided is whether or not this is a public road at this time, inasmuch as plaintiff founds his action on the proposition that this is a public road. He does not ask for an easement or a servitude of right of way which is owed to an enclosed estate by the enclosing estate.
According to the plat prepared by Mr. C. E. Moore, a registered civil engineer of Tangipahoa Parish and which was introduced in evidence by plaintiff without objection and used by both plaintiff and defendant, the plaintiff owns a tract of land which bounds the defendant's property on the North. On the south boundary of defendant's property there is a gravel road which defendant claims was constructed to take the place of the "old Kohnke Hill Road." This road runs east and west. Beginning at approximately the South line of plaintiff's property as shown on the map there is a road running in a southeasterly direction through defendant's property and into the gravel road above mentioned, which is the road in dispute and which is marked "old Kohnke Hill Road." This road is approximately 700 feet long from plaintiff's south line to defendant's south *Page 381 
line and 20 feet wide. Plaintiff contends that this has been a public road for many years and that it has not lost its character as such in that it has been used continuously by the public and particularly by the property owners on the north of the defendant, and, further, that the Police Jury has worked the road for a number of years by grading it and cutting the ditches. Defendant contends that this particular road was abandoned 27 years ago by the construction of the new gravel road which runs at almost right angles to the old road. Therefore, the property had reverted to private ownership and was privately owned by the authors in title of defendant. Defendant concedes that the road in question was used as a public road for a number of years. There is no doubt under the jurisprudence of this state that when a public road is abandoned, the abandoned portion reverts to private ownership of the person owning land over which it passes. See Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591, and Article 482 of the Louisiana Civil Code.
The evidence clearly shows that there was a public road known as the "old Kohnke Hill Road" running in a northwest-southeast direction across the property presently owned by the defendant and the plaintiff, extending to the north well beyond plaintiff's property and to the south crossing the present gravel road and going some distance beyond. The exact length of this old road was not brought out in the evidence or definitely established. Mr. Moore testified that of his own knowledge this road has been used as a public road for over sixty years, and another witness testified that he was seventy years of age and that he worked on this road as a young man. He testified that this work was done in accordance with the law of that time which made it mandatory for all able bodied men to work on the public roads. He further testified, as did Mr. Moore, that while the new Kohnke Hill Gravel Road took the place of the old Kohnke Hill Road in some portions, it did not take the place of the road in question inasmuch as the new road did not run in the same direction as the old one and that for plaintiff and his neighbors to the north to reach the new road or for the public doing business with them to reach them, the old road would have to be used or at least that portion of it which crosses the defendant's property. There seems little doubt that the old Kohnke Hill Road south of the new gravel road has been fenced off and probably abandoned as it is not needed and that portion of the old road north of plaintiff's property has also been abandoned.
George Alessi testified that he has been a member of the Police Jury since 1928 with the exception of the years between 1936 and 1940 and that the road was open when he first went on the jury and that he first graded it in 1929, and that, as a member of the Police Jury, he had the road worked by Police Jury employees until they were stopped from grading the road by the defendant. Also, that the road crew had gone on the road at the request of the defendant and worked the ditches as far as the defendant requested them but that they stopped where the defendant told them to. He further testified that the road was worked across the property of defendant and plaintiff and up to the woods north of plaintiff's property. He also testified as follows:
"The Court: Q. What the court wants to know is whether that is a public road or not in your opinion? A. The Police Jury has never abandoned that road, only after he insisted on us not going there and the Police Jury did not want to get involved in a court scrape.
"Q. Is it a public road as far as the Police Jury is concerned? A. Yes."
Bonfante testified that he has been a member of the Tangipahoa Parish Police Jury for eight years and that he did not know of his own knowledge that the road had been graded by the Police Jury or had not been. He does say, however, that he knows of no action of the Police Jury as a body taken to recognize the road as a public road. He also testified that Mr. Alessi and Mr. Macalusa, Police Jury members, handled the roads in this section and that he handled the roads on the other end. *Page 382 
There seems no doubt that the Police Jury has graded this road for a period of more than three years since the passage of Act No. 220 of 1914. This is borne out by witnesses both for the defendant and the plaintiff, and although the defendant denied that the road has been worked since he bought it in 1944, he admitted that employees of the Police Jury "pulled a piece of ditch for me" at his request. See Soileau v. Soileau,206 La. 243, 19 So.2d 124. All of the previous tenants on the property now belonging to the plaintiff testified that the road was used by them during their occupancy even though there has been from time to time a two wire gap at the south end of the road where it leads into the gravel road. From the testimony as a whole, there is no doubt but that the portion of the road in question has been maintained by the Police Jury for a sufficient length of time since the passage of Act No. 220 of 1914 to make it a public road, and, further, that this has been considered a public road and was a public road before the construction of the new gravel road which was supposed to have taken its place, and that it has not been abandoned. See Frierson v. Police Jury, 160 La. 957, 107 So. 709, and Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591. Without this road or another leading into the new gravel road, plaintiff would have no way to get to the gravel road nor would the public as a whole have any way to get to plaintiff's property or the other properties north of the defendant. The fact that there has been the wire gap or gate at the south end of this road placed there by private individuals does not change the character of the road from public to private.
The question now arises as to damages asked for by the plaintiff. In the case of Walker v. Vicksburg, S. P. R. Co., 52 La. Ann. 2036, 28 So. 324, the Court allowed actual damages for the obstruction of a public street and, also, in the case of Plantiago v. Snell, 11 La. App. 191, 123 So. 192, the Court allowed damages for the obstruction of a recorded right of way. However, in both of these cases the right of way was fenced preventing ingress and egress and severe inconvenience and actual loss was shown. In this case, the obstruction was a gap or gate and the plaintiff continued to use the road and, as far as the record shows, is still doing so. Plaintiff has not sufficiently established the actual damage occasioned by the controversy between him and the defendant to warrant us in allowing damages. In the two cases cited above, attorney fees were not allowed and as it is the general rule that attorney fees shall not be allowed, we do not think that this is a case which falls within the exception to that rule.
It is therefore ordered that the judgment appealed from be affirmed at defendant's cost.