PONDER, Justice.
 

 Alfred E. Bonnabel, as administrator of the successions of Alfred Bonnabel and Laura Brockenbraugh Rapeleye Bonnabel, brought suit against the Police Jury of Jefferson Parish seeking to be decreed in his administrative capacity the owner of a narrow strip of land located in Jefferson Parish and to enjoin the police jury from trespassing on the property. The strip of land is described as follows:
 

 “A Strip Of Land situated in Jefferson Parish Louisiana, thirty (30) feet wide, running in an easterly and westerly direction, and constituting the front thirty (30) feet of Lot A and one-half of Lot B of Bath #2 and that portion of Bath #1, which thirty (30) foot strip is parallel and adjacent to the Metairie Road, all as per plan made by D’Hemecourt;
 

 “The said strip of land commences at the division line of the property of Charles Persigo and the Bonnable Tract 1,419 feet to the line of the Bertucci property, through the Bonnabel property 1,100 feet, or as is more fully shown on the plan made by Alfred E. Bonnabel, Parish Surveyor, January 6, 1913, a copy of which is on file in proceedings No. 13,999, 24th Judicial Court, Parish of Jefferson, Louisiana, which plan is identified as Plaintiff 4 in said proceedings.”
 

 In defense to the suit the police jury claims the ownership of the property by virtue of a deed to it from the New Orleans
 
 *803
 
 Public Service, Incorporated, dated November 28, 1939. The police jury urges in the alternative, should it not be decreed the owner of the property, that the public has obtained a right or servitude of passage along and over the property by the construction and use of a sidewalk that has been in use for over ten years. There was another alternative demand urged by the police jury which has passed out of the case because the parties, in an agreed stipulation filed in the record, concede that the extension of Elmeer Avenue, Brocitenbraugh Court, Oak Avenue, Codifer Boulevard, Homestead Aventie, Bonnabel Boulevard and Helois Avenue across this strip of land, claimed by the police juryj is public property and remain in the public as they are' constructed and presently exist.
 

 Mrs. Julia McCarthy Bonnabel Rolling, St. Catherine of Sienna Roman Catholic Church, Metairie Ridge Presbyterian Church, Roland C. Lawes, W. Rapeleye Lawes, Robert L. Lawes, Bonnabel Land Company, Inc., Mrs. Elizabeth Nicolay and Bonnie W. Rolling intervened and opposed the demands of plaintiff and set forth that they are the owners of the portions of this strip of land adjoining their property by virtue of certain deeds executed in their favor by the plaintiff's ancestor in title. On trial of the case, the lower court gave judgment in favor of the Bonnabel Land Company, Inc., intervenor, recognizing it as the record owner of the thirty foot strip of land, subject to a servitude of passage for the bénefit of the public over the concrete sidewalk and a like servitude in favor, of the public of any. portion of the proper-, ty covered by the act of dedication of June. 9, 1916, reserving the rights of the public with respect to the sub-surface drains and sewer pipes. The other intervenors were recognized as the owners of the portions of the strip of land adjoining their property subject to the sidewalk, sewers and drains. The demands of the plaintiff were rejected and the strip of land was decreed1 to be public property and the property of the police jury. The plaintiff has appealed.
 

 We have entertained some difficulty irt determining the nature and character of this action. The plaintiff asked for and obtained a temporary restraining order which was set aside when the case was tried on.its merits. If the suit was characterized as an injunction suit, title to the property could not be inquired into. The plaintiff 'sets up his title but does not allege who is in possession of the property. The answer of the police jury is to the effect that it was a record title to the property from the New Orleans Public Service, Incorporated and in the alternative that a portion of the property has been used by the public for more than ten years and that thereby a servitude was created. Since neither of the parties have alleged or claimed possession of the entire property, it appears that the lower court treated the action as one to establish title where neither of the parties are in possession under the provisions of Act No.
 
 *805
 
 38 of 1908. Such being the case, we will treat the action as being brought under the provisions of Act No. 38 of 1908 to establish title.
 

 There is no dispute between the parties as to the effect that Alfred Bonnabel originally owned the property. The police jury contends that Alfred Bonnabel conveyed the property to Johnson & Company, Inc., by act dated January 25, 1915; that Johnson & Company, Inc., assigned all of its rights in the property to the New Orleans Public Service, Inc., and that the New Orleans Public Service, Inc., transferred its 'rights in the property to the police jury on November 28, 1939. Under, such circumstances, it is necessary to inquire into the deed from Bonnabel to Johnson & Company, Inc., to determine the extent of the title of the police jury. The question is raised whether or not this title conveys a servitude or1 the fee title to the -property. The pertinent portion of the deed réads as follows:
 

 “Be It Known By These Presents, That A. Bonnabel of the Parish of Jefferson, State of .Louisiana, declares that he does hereby sell, transfer, convey, assign, set over and deliver unto* Johnson & Company, Incorporated, of New Orleans, Louisiana, its assigns or transferees, a right-of-way thirty (30') feet wide running in an easterly and westerly direction, over and across that certain tract of land situated in the Parish of Jefferson, State of Louisiana, described as follows, to-wit:
 

 “Lot A, and one-half of Lot *B, of Bath #2 and that portion 'of Bath #1 parallel and adjacent to the Metairie Road, on a plan made by D’Hemecourt. The land conveyed being adjacent and parallel to the Metairie Ridge Road. Which right of way is hereby conveyed, transferred, assigned and delivered unto the said granteej its assigns or transferees, in perpetuity to have and retain the absolute title to same, and to have the right of free ingress and egress in and upon said right of way, to construct, maintain, operate and manage a line of railway and such tracks, switches, spurs, turntables, transmission lines, and all other appurtenances as may be necessary or convenient for the purpose of construction, maintenance, operation and management of said railway.
 

 “The consideration of this transfer and coriveyance is $1.00 cash in hand paid, receipt of which is hereby acknowledged, and the many -benefits, advantages and conveniences that will accrue to the said A. Bonnabel, and the enhancement in value of adjacent lands by virtue of the building of the railroad through said lands.
 

 “The said grantee hereby áccepts this transfer and conveyance, and agrees to construct or cause to be constructed a line of railway, in, over and across, or along the right of way described, and have same completed on or before the first day of July, 1915, and further agrees to maintain and construct the proper crossing over said railway tract at grade; to leave and main
 
 *807
 
 tain the proper openings in all drains and ditches now existing on said right-of-way.
 

 “It is distinctly understood that the failure to complete said line of railway by the said grantee or its assigns over the said right of way on or before the first day of July, 1915, shall work a forfeiture of all rights of said grantee or its assigns in and to the said right-of-way, except that in the event of delays caused by litigation or any character regarding the circumstances beyond the control of said company, there shall be added to the said time mentioned a further delay equal to the time said construction was retarded; but if said line of railway shall be completed through and over this property on or before said date or extended date, then said right of way above described shall be the property of said grantee and its assigns forever.”
 

 In the suit of Persigo v. Johnson & Company, Inc., et al., La.App., 18 So.2d 186, involving a transfer similar and practically identical with the one presented here, the Court of Appeal 'held that the transfer or deed conveyed merely a servitude. The tract of land conveyed by Persigo adjoined and was a continuation of the strip of land involved in this suit. It was conveyed to Johnson & Company, Inc., in order to construct the same railroad. In that case the court held that only a servitude was conveyed and it had prescribed because the railroad had been discontinued for more than ten years. It was pointed out in that case that the conveyance of a right-of-way to a railroad company for railway purposes merely granted a servitude which was lost by prescription for non-use for a period exceeding ten years, citing Noel Estate, Inc., v. Kansas City Southern & Gulf Railway Company et al., 187 La. 717; 175 So. 468; Knox v. Louisiana Railroad & Navigation Co., 157 La. 602, 102 So. 685; Parish of Jefferson v. Texas Company, 192 La. 934, 189 So. 580. It was further pointed out therein that it was stated in Texas & Pacific Railway Company v. Ellerbe, 199 La. 489; 6 So.2d 556:
 

 “The jurisprudence is well settled that the conveyance of a right of way is to be regarded as a mere servitude and not as a transfer of a fee-simple title of the land unless the deed itself evidences that the parties intended otherwise. See John T. Moore Planting Company v. Morgan’s Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22; Louisiana Sulphur Mining Co. v. Brimstone R. & Canal Co., 143 La. 743, 79 So. 324; Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648; Knox v. Louisiana Ry. & Nav. Co., 157 La. 602, 102 So. 685; and Bond v. Texas & P. R. Co., 181 La. 763, 160 So. 406.
 

 “In John T. Moore Planting Co. v. Morgan’s Louisiana & T. R. & S. S. Co., supra, 126 La. 840, 53 So. 22, we said:
 
 ‘A
 
 right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is. meant in any particular instrument must be gathered from the instrument as a whole.
 
 As a general rule, only a servitude is meant/
 
 (Italics ours.)” [18 So.2d 188.]
 

 
 *809
 
 From a mere reading of the deed involved in this case, it is apparent that only a right of way was conveyed and that there was no intention on the part of Bonnabel to convey anything more than a right of way or a servitude and Johnson & Company, Inc., undoubtedly knew from the wording of the deed that it was only acquiring a servitude. The Persigo case and the authorities cited therein support the conclusion that only a right of way or servitude was granted in this case.
 

 The authority relied on by the defendant, Askew v. Vicksburg S. & P. Ry. Co., 171 La. 947, 132 So. 510, is not applicable because in that case two acres of land were conveyed for the purpose of a railroad depot to be measured in the manner described in the deed. In the present case we are dealing with the conveyance of a right of way and not the conveyance of the land.
 

 Counsel for the police jury contends that there has been a dedication of the sidewalk which it had constructed along and over the property under the provisions of Revised Statutes, • Sec. 3368 and Act No. 220 of 1914. The position is taken that the sidewalk is a servitude because the police jury has maintained it and the public has used it for more than ten years. To support their contention they cite Elliott v. Police Jury, 15 La.App. 542, 132 So. 368 and Bordelon v. Heard, La.App., 33 So.2d 88.
 

 Section 3368 of the Revised Statutes and Act No. 220 of 1914 apply to roads and there is nothing in the provisions of these statutes to indicate that they are to be extended to sidewalks. Under the provisions of Article 727, Revised Civil Code, a right of passage is a discontinuous servitude. A discontinuous servitude can be established only by title, except in the instances provided for in Article 699 et seq. See Article 766, Revised Civil Code. This case does not present one of the exceptions mentioned in Article 699 et seq. of the code. The right of passage is a discontinuous servitude which can be established only by title and such a servitude cannot be acquired or established even by immemorial possession. Larcade v. Iseringhausen, 153 La. 976, 96 So. 830; Burgas v. Stoutz, 174 La. 586, 141 So. 67; Mallet v. Thibault, 212 La. 79, 31 So.2d 601. The Elliott and Bordelon cases, cited by the defendant, are not applicable because they deal with public roads. Counsel also cites Soileau v. Soileau, 206 La. 243, 19 So.2d 124 which deals with public roads and is therefore not pertinent. He cites Ford v. Shreveport, 204 La. 618, 16 So.2d 127 which is not applicable because in that case the previous owners of the property where the street was laid acquiesced in its use by the public and did not appear or raise any objection to its use.
 

 Counsel also contends that the police jury and the public has a servitude of drains, sewer and water lines. He does not favor us with any authorities to support this contention. “The right of drain consists in the servitude of passing water collected in pipes or canals through the estate
 
 *811
 
 of one’s neighbor.” Article 714, Revised Civil Code. This is á continuous and apparent servitude which can only be acquired by title or by a possession of ten years. Article 765,' Revised Civil Code. The evidence regarding the possession of this servitude is very indefinite. It appears that in the trial of this case that more stress was laid on the use of the sidewalk and the evidence offered regarding the drainage was meager and indicates that the drainage has not been in use for a period of ten years: From a mere reading of the evidence, it is apparent that the defendant has failed to prove the possession necessary to acquire the servitude of drainage.
 

 The interventions interposed in this suit should be dismissed as of nonsuit. The intervenors in this case are claiming title in themselves in opposition to both the plaintiff and the'defendant. They rely on different deeds. The record is not- sufficient to intelligently pass on these questions. Moreover, in an action to establish title, brought under the provisions of Act No. 38 of 1908, a petition of intervention setting up title and possession in an intervenor, and asking for judgment against plaintiff and defendant, decreeing the intervenor to be the owner in possession of the property, discloses no cause of action; the act [providing for that action thereunder shall not conflict or interfere with the petitory or possessory actions. Fortner’s Heirs v. Good Pine Lumber Co., 146 La. 11, 83 So. 319, See 170 A.L.R. 151, wherein this case is quoted. Furthermore, an intervenor must take the suit as he finds it without raising issues between the defendant and the plaintiff which they have not themselves raised and must have recourse to a separate suit if he wishes to inject new issues: Code of Practice, Article 391; State ex rel. Temple v. Vernon Parish School Board, La.App., 178 So. 176; followed in State ex rel. Winfree v. Vernon Parish School Board, La.App., 178 So. 180; State ex rel. Johnson v. Vernon Parish School Board, La.App., 178 So. 180; State ex rel. Merchant v. Vernon Parish School Board, La.App., 178 So, 180; State ex rel. Haight v. Vernon Parish School Board, La.App., 178 So. 181 and State ex rel. Brown v. Vernon Parish School Board, La.App., 178 So. 181.
 

 It is not necessary to inquire into whether an injunction should issue because we cannot assume that the police jury, after it has been decided that they do not own the property or have a servitude over it, will trespass on the property.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside, the demands of the intervenors are dismissed as of nonsuit and it is decreed that the Successions of Alfred Bonnabel and Laura Brockenbraugh Rapeleye Bonnabel are the owners of the following described tract of land, viz:
 

 “A Strip Of Land situated in Jefferson Parish, Louisiana, thirty (30) feet wide, running in an easterly and westerly direction, and constituting the front thirty (30)
 
 *813
 
 feet of Lot A and one-half of Lot B of Bath #2 and that portion of Bath #1, which thirty (30) foot strip is parallel and adjacent to the Metairie Road, all as per plan made by D’Hemecourt;
 

 “The said strip of land commences at the division line of the property of Charles Persigo and the Bonnabel Tract 1,419 feet to-the line of the Bertucci property, through the Bonnable property 1,100 feet, or as is more fully shown on the plan made by Alfred E. Bonnabel, Parish Surveyor, January 6, 1913, a copy of which is on file in proceedings No. 13,999, 24th Judicial Court, Parish of Jefferson, Louisiana, which plan is identified as Plaintiff 4 in said proceedings.”
 

 It is further decreed that the extension of Elmeer Avenue, Brockenbraugh Court, Oak Avenue, Codifer Boulevard, Homestead Avenue Bonnabel Boulevard and Helois Avenue across this strip of land is a servitude vested in the public. All legal costs to be paid by the defendant.