REGAN,'Judge.
Plaintiff, Steve D’Asaro, instituted this suit endeavoring to enjoin Lucille May Grace, formerly Register of the State Land Office and Louis Knop, Jr., formerly Civil Sheriff for the Parish of Orleans, from selling certain property at public auction, in conformity with the provisions of Act 237 of 1924, as amended, LSA-R.S. 47:2189.
The real estate is described as:
“A certain lot of- ground and improvements- thereon in the Third District of the City of New Orleans, in square bounded by Spanish Fort Shell Road, Madrid, Soldiers and Duplessis' Streets, folio 48S, designated as Lot No. 50 in Square No. 6, Spanish Fort; said Lot No. 50 measures 25 feet front on Soldiers Street by a depth of 100 feet.
“Adjudicated to the State in the. name of Wm. J. Shanahan for taxes • for the year 1933.”
The sale was advertised to occur oh January 31, 1948,- between the hours of 11:00 o’clock a. m. and 4:00 o’clock p. m.
Plaintiff asserts that square No. 6. is the same square now designated by the number 4835 and the boundaries of each are the same; that he acquired square 4835 from the-State of Louisiana for taxes due the State for the year 1923, assessed in the name of Xeter Realty Company, Ltd., as per act before John P. Sullivan, Notary Public, dated December 31, 1924, registered in COB 384, Folio 400. In the tax sale the property was described as:
“A certain portion of ground and improvements, thereon in the Third District of the City of New Orleans, in square bounded by Vienna, Alfred and Buchanan Streets, designated as square-in square No. 4835; said square measures ;— feet.”
■ Plaintiff insists that he has paid the taxes on square 4835 ever since its acquisition ; that lot 50 in square 6 is a part of that square and, therefore, if lot 50 in square 6 was adjudicated to the State for any unpaid taxes for the year 1933, assessed in the name of William J. Shanahan, it was a dual assessment, and the taxes already had been paid by plaintiff. Plaintiff asserted that he would suffer irreparable injury if the property was sold by the Civil Sheriff and he requested the' lower court to issue a temporary restraining order "and subsequently a permanent injunction prohibiting the defendants from consummating the sale. ,
A temporary restraining order was issued and, after a hearing on the rule nisi, a temporary injunction was granted plaintiff.
Defendant, Register of -the State Land Office, answered and denied that' plaintiff was the true and legal owner of the property, but on the contrary, the State of Louisiana acquired title to lot 50 in square 6 of Spanish Fort Subdivision for the unpaid state taxes assessed to Wm. J. Shana-han for .the year 1933. Defendant -then terminated her answer by asserting her de *854 sire to have the court confirm the ownership of the State in and to the title to lot 50 of square 6. Both litigants and the judge of the court a qua, have treated this assertion as a reconventional demand.
After a trial on the merits the injunction was set aside and plaintiff’s suit dismissed. Defendant’s reconventional demand was also dismissed but as of non-suit. From this judgment the plaintiff has appealed and defendant has answered the appeal praying that the part of the judgment non-suiting her reconventional demand be reversed and the title of the State of Louisiana to lot 50 in square 6 be confirmed.
If all taxes due on the property have been paid as plaintiff insists, obviously the sale to the State for the 1933 taxes, assessed in the name of Wm. J. Shanahan is a nullity. LSA-Constitution, Article 1, §11; and it requires no- citation of authority to sustain the proposition that if all the taxes assessed against the property herein sought to be sold by the State had been paid by the plaintiff as they fell due, the tax sale was void and the plaintiff was entitled to an injunction to prevent the sale of his property.
Even if a part of lot 50 should appear to extend beyond the boundaries of square 4835, the tax sale to the State would be a nullity if it was shown that the taxes on that part of the lot which lies within square 4835 had been paid prior to the adjudication to the State.
Therefore, the only question which the pleadings and the evidence has posed for our consideration is whether or not a part of lot 50 in square 6 is included within square 4835, which plaintiff acquired at a tax sale in 1924, and on which he paid taxes prior to the adjudication of lot 50 in square 6 to the State in 1933 ?
We are of the opinion that the plaintiff has failed to prove the location or the identity of the property. Plaintiff’s claim emanates from a tax sale and deed which, to say the least, affords such a vague and uncertain description of the property as to make it practically impossible to identify or locate it. No dimensions of the “portion of ground” are stated in the deed; no frontage is shown on any street; no plans or surveys are referred to in the description; and “a certain portion of ground * * * designated as square in square No. 4835” epitomizes the enigmatic description, the unsusceptibility of identification and the uncertainty of location.
Plaintiff, in his endeavor to sustain his title to the above described property, offered in evidence the expert testimony of Harry E. Sutch, Surveyor, who after asserting that he did not survey the Spanish Fort Subdivision, but did survey, at the request of the plaintiff, square No. 4835, located therein, testified that the greater portion of lot 50 in square 6 is “about in the center of square” 4835 and that the dimensions of lot 50 located within this square are 25 feet, 9 inches, four lines front on Soldiers Street by a depth of 76.3.3. He then sought to identify and to locate the property by virtue of his plan especially created for the plaintiff which he conceded was compiled from old deeds, maps, conveyances, and other extraneous sources. In fact, much of his testimony was predicated upon, rank hearsay as a quotation therefrom will reveal' — -“I am giving what I found out— some from hearsay and some from my own actual experience.”
In view of the fact that plaintiff has, failed to prove the location of this property or make out his title thereto, it is our-opinion that he should be non-suited.
The defendant on appeal insists that the-portion of the judgment of the lower court dismissing the reconventional demand for-recognition of the state’s ownership of lot 50 in square 6 was erroneous and should be reversed and that the ownership of the-state be recognized.
We have entertained some difficulty in determining the nature and character of this action. The defendant insists that it is a petitory action cumulated* *855 with a plea for an injunction. On the other hand, the plaintiff contends that it is not a petitory action but simply “an injunction suit" to prohibit the Register of the State Land Office and the Civil Sheriff from selling a lot in a portion of ground which he claims to have acquired from the State in 1924. The record reveals that plaintiff requested and obtained both a temporary restraining order and a temporary injunction before the case was tried on its merits. If the nature of the action be characterized as an application for a writ of injunction title to the property cannot be inquired into. Bonnabel v. Police Jury, 216 La. 798, 804, 44 So.2d 872. The question of ownership of land is one which must be tried by direct action and cannot be determined in an application for a writ of injunction. Adams v. Ruston, 3 La.App. 188.
Therefore, in our opinion the judgment non-suiting the defendant’s demand in re-convention was correct.
However, assuming arguendo that the nature of this suit is characterized as a petitory action, we are likewise of the opinion that the judgment non-suiting defendant’s demand in reconvention was correct for the reason that the title of defendant, in a petitory action, is not at issue until the plaintiff has proved an apparently valid title in himself.
In Thomas & Bullis v. Strieker Land & Timber Co., 181 La. 784, 160 So. 413, the court applied Code of Practice Article 44 which reads:
“The plaintiff in an action of reven-dication must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.”
It then expressed the opinion that “the title of the defendant in a petitory action is not at issue until the plaintiff has proved an apparently valid title in himself. See Smith v. Chappell, 177 La. 311, 148 So. 242; Mecom v. Graves, 148 La. 369, 86 So. 917.”
For the reasons assigned the judgment appealed from is amended by dismissing the plaintiff’s demand as of non-suit. In all other respects it is affirmed.
Amended and affirmed.