Dear Mayor McCune:
We are in receipt of your request for an Attorney General's Opinion regarding the ownership of certain roads in DeSoto Parish ("Parish"). In the scenario that you have presented, the Parish and the Town of Stonewall ("Town") share the responsibility for maintaining certain roads. In terms of shared responsibility, you have informed us that the general manner in which this maintenance is supposed to work is by one or the other of the Town or Parish doing necessary work and the nonmaintaining entity reimbursing the other for its proportionate share of the costs. Your request states that, of late, the Parish has been remiss in fulfilling its duties in this regard. With that shortcoming in mind, you have specifically asked the following question:
 If the Parish does not work its part of the roads for over three years, can its interests revert to the property owner or to the Town?
It is apparent that you are referencing La.R.S. 48:491 when you ask about a transfer of interest following three years. That law states, in pertinent part, that:
 [a]ll roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
La.R.S. 48:491(B)(1)(a) (emphasis added). With respect to your question, it should be pointed out that, in the absence of an actual donation or sale of fee title to the roadway to the government (be it State, parish, or municipal), the actual fee title to such property remains with the private landowner. See, Miguez v.Gauthreaux, 40 So.2d 679 (La.App. 1 Cir. 1949). In conversations subsequent *Page 2 
to your initial opinion request, you have indicated that the actual ownership of the roads is unclear.
The outcome of inquiries regarding the law of Louisiana related to the responsibilities of various parties to maintain property varies significantly based upon the factual background of each scenario. Thus, in the absence of specific information regarding the ownership of the roads in question, we cannot provide you with an answer to which party bears the responsibility for maintenance and whether ownership is lost or gained pursuant to such maintenance.
Based upon the foregoing discussion, we are of the opinion that La.R.S. 48:491 does not apply to your situation, as a dedication of roads to public use does not contemplate the public or its governmental representative bodies acquiring an ownership interest in the roadbed. The only interest that the public gains through the maintenance is a servitude of use (which can also be acquired by dedication). St. Charles ParishSch. Bd. v. P L Investment Corp., 95-2571 (La. 5/21/96),674 So.2d 218 citing Yiannopolous,Property § 96, at 206 (2 Louisiana Civil Law Treatise 3d. ed. 1991). The underlying property remains the property of the private landowner, but it is burdened with a right of use in favor of the public. La.C.C. Art. 457.
We hope this sufficiently answers your inquiry as to the applicability of La.R.S. 48:491 to your situation. If, at some time in the future, you can provide us with further factual information regarding the ownership of the roads, we will provide you with further guidance. In the absence of such information, we simply do not have a factual basis upon which to make legal conclusions. If we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp